383 A.2d 844

**COMMONWEALTH of Pennsylvania**

v.

**Alexander SHIELDS, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Nov. 18, 1976.

Decided March 23, 1978.

Robert M. Fellheimer, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Carolyn E. Temin, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Alexander Shields, was tried by a jury and convicted of murder of the second degree, statutory rape, and involuntary sexual intercourse. Post-verdict motions were denied. The homicide conviction was appealed directly to this Court. The other convictions were properly certified to this Court by the Superior Court.

Appellant raises five issues on appeal: (1) that his confessions should have been suppressed because they were made subsequent to an arrest without probable cause and because appellant was incapable of making a knowing and intelligent waiver of his *Miranda* rights; (2) that he was improperly denied a continuance for the purpose of obtaining new counsel; (3) that the prosecutor was permitted over-broad cross-examination when appellant took the stand to challenge the voluntariness of his confessions; (4) that an effective appeal has been denied because of the loss of a portion of the trial transcript; and (5) that certain of appellant's points for charge were improperly denied.

Because we agree with appellant that the loss of a crucial portion of the trial transcript renders effective review in our Court impossible, we reverse the judgments of sentence and grant appellant a new trial. We therefore do not consider the other issues raised.

The prosecution concedes that the tapes of the prosecutor's closing argument to the jury were lost in the mail and never transcribed. The prosecution also admits that the court had ordered that all notes be transcribed. Defense counsel has consequently had no record of the closing remarks of the prosecutor for use in making post-verdict motions or for pursuing an appeal. Likewise, we have been denied opportunity to review alleged improprieties in the prosecutor's summation.

In order to assure that a defendant's right to appeal will not be an empty, illusory right, we require that he or she be furnished a full transcript or other equivalent picture of the trial proceedings. Meaningful appellate review is otherwise an impossibility, and fairness dictates that a new trial be granted. *Commonwealth v. Goldsmith*, 452 Pa. 22, 25, 304 A.2d 478, 480 (1973); *Commonwealth v. DeSimone*, 447 Pa. 380, 290 A.2d 93 (1972); *Commonwealth v. Norman*, 447 Pa. 515, 291 A.2d 112 (1972); *Commonwealth v. Anderson*, 441 Pa. 483, 272 A.2d 879 (1971); *Commonwealth v. Banks*, 428 Pa. 571, 237 A.2d 339 (1968) (dissenting opinion of Roberts, J., joined by Eagen, J.).

In the instant case no blame for the absence of a transcript may be ascribed to the appellant. The prosecution so concedes in its brief. "If a meaningful appellate review is impossible, for whatever reason, and *the appellant is not at fault*, he is entitled to a new trial." *Commonwealth v. Goldsmith, supra*, 452 Pa. at 25, 304 A.2d at 480 (1973). (Emphasis in original.)

The prosecution contends that appellant is not entitled to relief because defense counsel has not "specifically quoted or even described" the remarks which he found prejudicial. The prosecution's argument begs the question: If appellant could specifically quote or describe the alleged prejudicial portions of the closing argument, and assuming that the prosecution accepted the defense's version, there would be no need for the missing portion of the transcript to insure meaningful appellate review. The prosecution is in effect contending that defense counsel has not presented an "equivalent picture" of the prosecution's summation. The burden, however, is upon the prosecution, not the defendant, to make available a full record or its equivalent. *Commonwealth v. Goldsmith, supra; Commonwealth v. Anderson, supra.* Neither in the trial court nor before this Court has the prosecution made any attempt to provide an equivalent picture.

Moreover, defense counsel had no reason to expect that he would have to prove from his own notes any objectionable remarks made by the prosecution or any objections he timely raised. Counsel was justified in relying upon the record to disclose prejudicial material and to preserve his objections. When the record became unavailable, through no fault of the defendant, the prosecution had the responsibility to reconstruct a meaningful record in its place.

Defense counsel asserts that the closing argument did in fact contain prejudicial remarks and that he made timely objections. This has not been contradicted. The judge, in his opinion, stated that had the prosecutor made prejudicial remarks, the Court would have noted them. Thus he, too,

110

would have us infer from a lack of proof that nothing objectionable occurred. Yet we note that he, like defense counsel, knowing that a full transcript was to be provided, did not have to be taking notes upon which he could rely.

As explained by Justice Douglas, citing Boskey, *The Right to Counsel in Appellate Proceedings*, 45 Minn.L.Rev. 783, 792, 793 (1961) and quoted in *Commonwealth v. Anderson, supra*, 441 Pa. 484, 488, 272 A.2d 877, 879:

"Recollections and notes of trial counsel and of others are apt to be faulty and incomplete. Frequently, issues simply cannot even be seen—let alone assessed—without reading an accurate transcript."

Neither judge nor prosecutor has offered us any affirmative suggestion as to the content of the prosecutor's summation. In *Draper v. Washington*, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963), quoted in *Commonwealth v. Anderson, supra*, 441 Pa. 483 at 487, 272 A.2d 879, Justice Goldberg enumerated some alternatives to the transcript:

"Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes or a bystander's bill of exceptions might all be adequate substitutes . . ." 372 U.S. at 495, 83 S.Ct. at 779, 9 L.Ed.2d at 905.

The suggestion that defense counsel's inability to provide us with prejudicial quotes shows that no prejudicial remarks were made is a meager offering which falls far short of meeting the requirement that the prosecution supply an equivalent picture of the trial.

■ Two days after the verdict, defense counsel filed post-verdict motions, specifically reserving the right to file additional reasons upon his receipt of the transcript. In his supplemental brief he stated that, although he had received most of the record, he did not have the notes of the prosecutor's closing speech because they had not yet been tran-

scribed. He alleged that the summation contained several inflammatory statements necessitating a new trial, but stated his inability to make accurate quotes thereof because of the unavailability of that portion of the transcript. Thus, he did not waive any issue as to prejudicial statements in the summation, and the very matter complained of here—unavailability of the record—precluded specificity in his objections.

Inasmuch as he did raise the issue of prejudice in the closing argument, and did then plainly state that the record had not yet been transcribed, he can hardly be said to have waived the issue he now raises. Counsel cannot have been expected to argue the loss of a transcript in the Commonwealth's possession and control until made aware of the mishap.

■ Although the missing portion of the transcript may be a small part of the record, it is a crucial portion indeed. Prejudicial comment by the prosecutor has long been a specific ground for reversal in this Commonwealth if the language of the prosecutor is such that,

"its unavoidable effect could be to prejudice the jury, forming in their minds a fixed bias and hostility toward the defendant, so that they could not fairly weigh in his behalf such circumstances of doubt, extenuation, or degree of guilt that may be present in the case, and thus make them unable to render a true verdict." *Commonwealth v. Hoffman,* 439 Pa. 348, 355, 266 A.2d 726, 730 (1970); *Commonwealth v. Meyers,* 290 Pa. 573, 575, 139 A. 374, 377 (1927).

Defense counsel has alleged that such remarks were made, and the prosecution has provided us with no record of any kind from which we can assess the merits of his contention. We are thus precluded from affording appellant a meaningful review of a crucial portion of his trial, and must therefore grant him a new trial.

Judgments of sentence reversed and a new trial granted.

ROBERTS, J., joins in this opinion and files a concurring opinion.

POMEROY, J., filed a dissenting opinion in which LARSEN, J., joined.

NIX, J., dissents.

ROBERTS, Justice, concurring.

I join in the opinion of the Court and note that today's decision repudiates *Commonwealth v. Banks,* 428 Pa. 571, 237 A.2d 339 (1968), cert. denied, 393 U.S. 895, 89 S.Ct. 156, 21 L.Ed.2d 177 (1968), which, by per curiam order, refused to award a new trial to an appellant alleging trial error although no transcript of the trial existed. As I stated in my dissent in *Banks,* denying a new trial in such circumstances would "fly in the face of [the] controlling . . . principles enunciated in *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, [9 L.Ed.2d 811] (1963) and *Norvell v. Illinois,* 373 U.S. 420, 83 S.Ct. 1366, [10 L.Ed.2d 456] (1963)." *Commonwealth v. Banks, supra,* 428 Pa. at 571, 237 A.2d at 339–340 (dissenting opinion of Roberts, J., joined by Eagen, J. (now C. J.)). It is regrettable that Banks and others similarly situated were not accorded the benefit of the principle of today's decision.

POMEROY, Justice, dissenting.

The majority concludes that the stenographer's inadvertent loss of the tape recordings of the closing argument made by the prosecuting attorney to the jury at appellant's trial renders effective appellate review in this Court impossible. The conviction is therefore reversed and a new trial ordered. I must respectfully dissent.

It is possible to imagine a situation where effective appellate review is foreclosed because only a small portion of the trial transcript is missing. It is also true, of course, that an improper closing argument by the prosecutor may, in and of itself, deny a defendant a fair trial. See, *e. g., Commonwealth v. Joyner,* 469 Pa. 333, 365 A.2d 1233 (1976). It is clear, however, that before this Court will reverse a convic-

tion on the ground that a missing segment of the record deprives the defendant of a meaningful appeal, some clear prejudice to appellant must be alleged. *Commonwealth v. Goldsmith,* 452 Pa. 22, 304 A.2d 478 (1971); *Commonwealth ex rel. Goldsmith v. Myers,* 430 Pa. 385, 243 A.2d 429 (1968). I cannot conclude that even the possibility of any such prejudice has been established here.

Appellant makes only the most general claim of prosecutorial misconduct; no inkling is given as to what the lawyer for the Commonwealth said or how he behaved or what this portion of the record might show if available.[1] In short, nothing is alleged to the effect that Shields was deprived of a fair trial.

I adhere to the view I expressed in dissent in *Commonwealth v. Goldsmith, supra,* that a defendant is entitled to relief only where his grounds for error make out a *colorable* need for the missing portion of the transcript:

"As correctly noted in the Court's opinion, appellant has not been deprived of a transcript through any fault of the Commonwealth. Rather, the untimely illness of the court reporter immediately following trial, his subsequent death, and the inability of any other reporter to read his shorthand notes combined to limit the transcription to only 309 pages of testimony from the five-day trial. The Supreme Court of the United States, faced with a similar situation arising in an Illinois trial, i. e. unavailability of the trial transcript due to the death of the court reporter, held that Due Process and Equal Protection did not require the

---

1. For instance, prosecutorial misconduct may result in reversible error where counsel for the Commonwealth expresses his personal beliefs regarding guilt or innocence, *Commonwealth v. Joyner, supra; Commonwealth v. Russell,* 456 Pa. 559, 322 A.2d 127 (1974); *Commonwealth v. Lipscomb,* 455 Pa. 525, 317 A.2d 205 (1974), or expresses his opinion as to the credibility of the defendant or particular defense witnesses, *Commonwealth v. Joyner, supra; Commonwealth v. Potter,* 445 Pa. 284, 285 A.2d 492 (1971), or refers to matters not of record; *Commonwealth v. Revty,* 448 Pa. 512, 295 A.2d 300 (1972). For a general treatment of the proper scope of a prosecutor's closing argument, see the American Bar Association Project on Standards for Criminal Justice, Standards Relating to the Prosecution Function, § 5.8 (Approved Draft, 1971).

state to afford the defendant a new trial. *Norvell v. Illinois,* 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963). That case, in my view, is controlling here. Said the Supreme Court: 'When through no fault of the State, transcripts of criminal trials are no longer available because of the death of the court reporter some practical accommodation must be made. . . . "The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific. . . . What is best is not always discernible; the wisdom of any choice may be disputed or condemned." The "rough accommodations" made by government do not violate the Equal Protection Clause of the Fourteenth Amendment unless the lines drawn are "hostile or invidious." ' Id. at 424; 10 L.Ed.2d at 459."

\*　　\*　　\*　　\*　　\*　　\*

"It is not unwarranted to assume that such errors are alleged only because a transcript of that portion of the trial cannot be reproduced. In an analogous situation, the Supreme Court of the United States held that where a defendant's grounds for error make out a *colorable* need for a complete transcript, the burden is on the state to show that something less will suffice. *Mayer v. Chicago,* [404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971)], supra, 404 U.S. at 195, 92 S.Ct. at 415, 30 L.Ed.2d at 378–379. To require in the instant case, where part of the transcript is unavailable through no fault of the state, the showing of a *colorable need* for the missing portion seems to me to be the type of 'rough accommodation' sanctioned by *Norvell.* While avoiding the automatic release of those with spurious challenges, it affords those with meritorious claims the opportunity to vindicate their rights." 452 Pa. at 32–34, 304 A.2d at 484–485. (Dissenting opinion of POMEROY, J.).

Appellant in the case at bar presented no argument whatsoever as to how he was prejudiced by the Commonwealth's closing argument. Moreover, we are told by the trial court

in its opinion denying post-verdict motions that he can recall no prosecutorial improprieties in the closing argument.[2]

Having failed to raise a *colorable* claim of prejudice resulting from the incomplete record, appellant is entitled to no relief on that ground. Hence this dissent.

LARSEN, J., joins in this dissenting opinion.

**2.** The pertinent portion of the opinion of Judge Lagakos for the court en banc reads as follows:

"[D]efense counsel has been unable to point to a single improper remark allegedly attributable to the District Attorney, nor do our own notes reveal any such improper comments having been made.

\*    \*    \*    \*    \*    \*

"We are compelled to conclude that were the remarks of the prosecutor in the instant case such as to fall within the bounds of this standard [*Commonwealth v. Hoffman,* 439 Pa. 348, 355, 266 A.2d 726 (1970)], certainly defense counsel would have taken note of them, even without resort to the transcript, as would this Court. Accordingly, we must therefore conclude by this standard that where as here, the verdict rendered was a just one, in that the evidence of the defendant's guilt was overwhelming, any improper remarks of the District Attorney, if there were any, were clearly harmless beyond a reasonable doubt. We reemphasize that there were no improper remarks."