J-S69031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTOINE CARTER | |
| Appellant | No. 311 EDA 2014 |

Appeal from the PCRA Order entered January 8, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0005989-2007

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 12, 2015**

Appellant, Antoine Carter, appeals from the January 8, 2014 order of the Philadelphia County Court of Common Pleas denying his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The trial court summarized the facts and the procedural history of the case in its Rule 1925(a) opinion, which we incorporate here by reference. Trial Court Opinion, 4/3/14, 1-2.  ***See also Commonwealth v. Carter***, No. 2600 EDA 2008, unpublished memorandum at 1-3 (Pa. Super. filed July 1, 2011).  Briefly, the trial court found Appellant guilty of aggravated assault, robbery, and recklessly endangering another person as of result of Appellant assaulting the victim over a twelve-hour period because he failed to

purchase beer with $10 Appellant had previously given to him. Appellant was sentenced, *inter alia*, to 25 to 50 years' incarceration.

On direct appeal, counsel filed a timely Rule 1923 statement because the trial transcript was not available.[1] Counsel also filed a timely Rule 1925(b) statement challenging the sufficiency of the evidence supporting his convictions. Subsequently, direct appeal counsel filed an ***Anders***[2] brief with this Court along with a petition to withdraw. On July 1, 2011, we affirmed the judgment of sentence and granted counsel's petition to withdraw.[3] On

_____

[1] Rule 1923 reads as follows:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

Pa.R.A.P. 1923.

[2] ***See Anders v. California***, 386 U.S. 738 (1967).

[3] It is worth noting that, Appellant, on direct appeal, challenged the adequacy of the record based on the absence of the trial transcript. In response, we noted:

> Following the filing of counsel's ***Anders*** brief on July 2, 2010, appellant filed an application to strike his attorney's brief and remand to the Court of Common Pleas to reconstruct the record. On August 9, 2010, this [C]ourt denied the motion but ordered

*(Footnote Continued Next Page)*

December 14, 2011, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Carter***, 34 A.3d 825 (Pa. 2011).

On January 27, 2012, Appellant timely filed a PCRA petition. The trial court appointed counsel, who filed an amended PCRA petition on December 4, 2012, alleging direct appeal counsel was ineffective for not requesting a new trial in the absence of trial transcript. The trial court dismissed the petition, finding direct appeal counsel was not ineffective. This appeal followed.

Appellant argues the trial court erred in not finding direct appeal counsel ineffective for failing to request a new trial based on the unavailability of the trial transcript, as opposed to filing a Rule 1923 statement. We disagree.

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination "is supported by the record and free of legal error." ***Commonwealth v. Rainey***, [928 A.2d 215, 223 (Pa. 2007)] (citations omitted). To be entitled to PCRA relief, appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2) . . . .

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

> appellant's counsel to provide appellant with transcripts of the court proceedings and/or any Pa.R.A.P. 1923 statements, and allowed appellant 60 days to file ***pro se*** response. Appellant failed to file a response.

***Carter***, 2600 EDA 2008, at 3 n.2. In addition to addressing counsel's petition to withdraw, this Court also addressed the sufficiency of the evidence claims with regard to his convictions. ***Id.*** at 4-9. We concluded the evidence was sufficient to support Appellant's convictions. ***Id.***

***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014).

Here, Appellant argues he is entitled to relief based on direct appeal counsel's ineffective assistance. We review ineffective assistance claims according to the following standard:

> To prevail on an ineffectiveness claim, appellant must establish:
>
> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.
>
> ***Commonwealth v. Lesko***, [15 A.3d 345, 373-74 (Pa. 2011)] (citing ***Commonwealth v. Pierce***, [527 A.2d 973, 975 (Pa. 1987)]). Failure to prove any prong of this test will defeat an ineffectiveness claim. ***Commonwealth v. Basemore***, [744 A.2d 717, 738 n.23 (Pa. 2000)] (citation omitted). "[I]f a claim fails under any necessary element of the ***Strickland*** [***v. Washington***, 466 U.S. 668 (1984)], test, the court may proceed to that element first." ***Lesko***, at 374 (citations omitted). When an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, "he is not entitled to relief, and we are constrained to find such claims waived for lack of development." ***Commonwealth v. Steele***, 961 A.2d 786, 797 (Pa. 2008); ***see also Commonwealth v. Walter***, 966 A.2d 560, 566 (Pa. 2009) (citation omitted).

***Id.*** at 804.

Regarding the issue of the unavailability of trial transcript,

> [t]he U.S. Supreme Court has recognized that adequate and effective appellate review is impossible without a trial transcript or adequate substitute and has held that the States must provide trial records to indigent inmates. ***See Bounds v. Smith***, 430 U.S. 817 [] (1977) (citing ***Griffin v. Illinois***, 351 U.S. 12 [] (1956)). [Our Supreme Court] has similarly

concluded that a criminal defendant is entitled to "a full transcript or other equivalent picture of the trial proceedings" in order to engage in meaningful appellate review. [***Commonwealth v. Marshall***, 812 A.2d 539, 551 (Pa. 2002)] (*quoting* ***Commonwealth v. Shields***, [383 A.2d 844, 846 (Pa. 1978)). However, in order to "establish entitlement to relief based on the incompleteness of the trial record, [appellant] must first make some potentially meritorious challenge which cannot be adequately reviewed due to the deficiency in the transcript." ***Id.***

***Commonwealth v. Sepulveda***, 55 A.3d 1108, 1149 (Pa. 2012).

Appellant baldy asserts that the Rule 1923 statement was inadequate because: (i) it provided extremely short summaries of complainant's testimony, provided little other information about the trial, and failed to provide the names of the testifying officers, and (ii) "did not detail the cross-examination of the complainant and the inconsistent statements he made at trial." Appellant's Brief at 7. Appellant concludes that "[a] 1923 statement that does not even contain the names of the witnesses is not 'equivalent picture of the trial proceedings.'" ***Id.*** (quoting ***Shields***).

Appellant miscomprehends the import of Rule 1923 and ***Shields***. In Appellant's view, in essence, anything less than the transcript is insufficient for purposes of appellate review. Neither Rule 1923, nor ***Shields*** or any other authority supports such interpretation.

Even if we were to agree that failure to mention the witnesses by name affected Appellant's entitlement to "a full transcript or other equivalent picture of the trial proceedings," ***Shields***, 383 A.2d at 846, Appellant fails to recognize that to establish entitlement to relief based on the incompleteness

of the record, Appellant "must first make some potentially meritorious challenge which cannot be adequately reviewed due to the deficiency in the transcript." *Id.* Appellant identifies as potentially meritorious challenges the sufficiency of the evidence to support his convictions, and the credibility of victim. These claims, however, were adequately presented to and addressed by this Court on direct appeal. In fact, in addition to denying Appellant's sufficiency of the evidence claims on its merits, this Court denied Appellant's application to remand the matter to the trial court to reconstruct the record. Nonetheless, we granted Appellant the opportunity to address any deficiency in the record, but Appellant failed to do so. *See Carter*, No. 2600 EDA 2008, at 3 n.2.

With regard to the credibility of victim, Appellant fails to recognize that this Court does not make credibility determinations, nor can we substitute our judgment with that of the trial court. *See, e.g., Commonwealth v. Emler*, 903 A.2d 1273, 1277 (Pa. Super. 2006). Accordingly, this Court could not, and would have not, reversed the trial court based on our assessment of victim's credibility. *See Carter*, No. 2600 EDA 2008, at 5.

In light of the foregoing, we find Appellant failed to specify any potential meritorious claim that could not be developed or reviewed because the trial transcript was not available. Accordingly, we conclude Appellant's

claim that direct appeal counsel was ineffective fails because the underlying claim has no arguable merit.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2015

---

[4] Because we conclude Appellant's claim does not have arguable merit, we need not address the other two prongs of standard for ineffective assistance claims. **Basemore**, 744 A.2d at 738 n.23 (Pa. 2000).