J-S23001-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| CRAIG CARTER, | : | |
| Appellant | : | No. 2190 EDA 2008 |

Appeal from the Judgment of Sentence May 17, 2006,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0300181-2005

BEFORE:    DONOHUE, SHOGAN, and STRASSBURGER, JJ.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.: **FILED MAY 15, 2015**

I agree with the Majority that Appellant is not entitled to relief; however, I do so for a different reason.

> The U.S. Supreme Court has recognized that adequate and effective appellate review is impossible without a trial transcript or adequate substitute and has held that the States must provide trial records to indigent inmates. ***See Bounds v. Smith***, 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) (*citing* ***Griffin v. Illinois***, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956)). This Court has similarly concluded that a criminal defendant is entitled to "a full transcript or other equivalent picture of the trial proceedings" in order to engage in meaningful appellate review. [***Commonwealth v. Marshall***, 812 A.2d 539, 551 (Pa. 2002)](quoting ***Commonwealth v. Shields***, 477 Pa. 105, 383 A.2d 844, 846 (1978)). However, in order to "establish entitlement to relief based on the incompleteness of the trial record, **[appellant] must first make some potentially meritorious challenge which cannot be adequately reviewed due to the deficiency in the transcript**." ***Id***.

***Commonwealth v. Sepulveda***, 55 A.3d 1108, 1149 (Pa. 2012) (emphasis added).

*Retired Senior Judge assigned to the Superior Court.

Instantly, Appellant has not presented any meritorious challenge where review is dependent upon the record. In fact, his only issue on appeal is whether the trial court erred in certifying reconstruction of the record. Appellant's Brief at 8-10. Accordingly, Appellant is not entitled to a new trial.