J-S71022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
:         PENNSYLVANIA
:
v.                  :
:
:
:
DANILO DEJESUS           :
:
Appellant      :   No. 305 EDA 2018

Appeal from the PCRA Order January 2, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0004319-2014

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:        **FILED DECEMBER 24, 2018**

Appellant, Danilo DeJesus, appeals *pro se* from the January 2, 2018 Order entered in the Lehigh County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9564. After careful review, we reverse.

The facts and procedural history are briefly as follows. On May 22, 2015, a jury convicted Appellant of two counts each of Possession with Intent to Deliver a Controlled Substance ("PWID") and Possession of a Controlled Substance, and one count of Criminal Conspiracy.[1]

On June 23, 2015, the trial court sentenced Appellant to an aggregate term of 5 years' and 10 months' to 20 years' incarceration. On August 3, 2016, this Court affirmed Appellant's Judgment of Sentence. ***See***

---

[1] 35 P.S. § 780-113(a)(30); 35 P.S. § 780-113(a)(16); and 18 Pa.C.S. § 903(c), respectively.

*Commonwealth v. DeJesus*, 156 A.3d 327 (Pa. Super. 2016). The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on January 31, 2017. *See Commonwealth v. DeJesus*, 165 A.3d 900 (Pa. 2017).

On April 27, 2017, Appellant filed a *pro se* Motion for Request for Transcript and Discovery. Appellant asserted in his Motion that, in order for him to effectively prepare a timely PCRA Petition, he needed copies of the Notes of Testimony from his trial and sentencing hearing.[2] On May 9, 2017, he filed a *pro se* Request for Transcript or Copy in which he indicated that he sought the Notes of Testimony for the entire proceeding, including all witness testimony, all pre- and post-trial proceedings, as well as discovery material.

Before the court ruled on Appellant's pending requests, on May 16, 2017, Appellant filed a *pro se* Motion and Memorandum of Law in support of Post Conviction Relief ("Petition"). In his Petition, Appellant alleged that he is serving an illegal mandatory minimum sentence and that his trial counsel was ineffective for failing to prepare for trial. That same day, the court denied Appellant's *Pro Se* Motion for Transcript and Discovery.

On June 27, 2017, the court appointed counsel and scheduled a PCRA hearing.

---

[2] Appellant specifically requested the Notes of Testimony dated May 20, 2015 through May 22, 2015, and June 23, 2015. Motion, 4/27/17, at ¶ 1.

On September 7, 2017, counsel filed a Motion to Withdraw as Counsel and a **Turner**/**Finley**[3] no-merit letter, further developing the issues raised by Appellant in his *pro se* Petition, and concluding that those issues were frivolous.[4] On September 27, 2017, the PCRA court held a hearing on the Motion, after which it permitted counsel to withdraw.

On October 30, 2017, Appellant filed a renewed Request for Transcript or Copy. On November 2, 2017, Appellant filed an "Application for Extension of Time to File Notice of Appeal for PCRA Petition." In this Application, Appellant reiterated his request that the court provide him with transcripts and discovery materials.

On November 15, 2017, the court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition without a hearing. The court also denied Appellant's Request for Transcripts and Application for Extension of Time with prejudice.

On November 30, 2017, the court docketed a letter from Appellant in which he again requested his transcripts so that he could support his claims with citation to the record.

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] Specifically, counsel notified the court that Appellant is not serving a mandatory minimum sentence and that his sentence does not exceed the statutory maximum sentence provided by law. He also informed the court that Appellant sought to challenge the discretionary aspects of his sentence, a claim not cognizable under the PCRA.

On December 1, 2017, Appellant filed a Response to the court's Rule 907 Notice. In his Response, Appellant alleged that the PCRA court failed to review his trial transcripts before issuing its Rule 907 Notice. In addition, Appellant reasserted his ineffective assistance of trial counsel claim, and claimed that his appellate counsel was ineffective.

On January 2, 2018, the PCRA court dismissed Appellant's Petition.

This timely appeal followed. On January 22, 2018, the same day Appellant filed his Notice of Appeal, he also filed another Request for Transcript or Copy to assist him in the preparation of his appeal. On February 7, 2018, the PCRA court once again denied this Request.[5]

Appellant raises the following issues on appeal:

1. Did the PCRA court err in denying request for transcripts in [Appellant's] preparation for appeal?

2. Was PCRA court in error in denying PCRA counsel ineffective in failing to pursue ineffective assistance of counsel claims against trial counsel?

3. Whether the PCRA court erred in dismissing issues of favorable treatment where other judicial level addressed this matters differently from the PCRA's determination?

4. Whether the PCRA court erred in dismissing issues pertaining to the Commonwealth knowingly presenting perjured testimony, which prejudiced the jury?

---

[5] Appellant initially failed to timely file a Rule 1925(b) Statement as ordered by the PCRA court. Appellant sought leave of this Court to file a Rule 1925(b) Statement *nunc pro tunc*, which this Court granted. On remand, on April 27, 2018, May 11, 2018, and May 14, 2018, Appellant filed three separate Rule 1925(b) Statements raising 16 identical and unnumbered issues. The PCRA court filed a responsive Rule 1925(a) Opinion on May 22, 2018.

5. Whether the PCRA court erred in dismissing claims of trial counsel's ineffectiveness where PCRA counsel failed to raise and present, which the PCRA court deemed waived, under the showing of layered ineffectiveness exist?

Appellant's Brief at 1-2 (verbatim).

In his first issue, Appellant claims the PCRA court erred in denying his repeated requests for transcripts. Appellant's Brief at 3. He avers that he needed the transcripts to "resolve pending issues" and to "verify and support from/in the record what a co-defendant stated, which in turn would support [A]ppellant's claim." *Id.*

Our Supreme Court has stated:

> To ensure the right of a criminal defendant to meaningful appellate review, we require "that he or she be furnished a full transcript or other equivalent picture of the trial proceedings." *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 701 (1998) (quoting *Commonwealth v. Shields*, 477 Pa. 105, 383 A.2d 844, 846 (1978)). Nevertheless, "[t]o be entitled to relief due to the incompleteness of the trial record the defendant must make some potentially meritorious challenge which cannot be adequately reviewed due to the deficiency in the transcript." *Id.*

*Commonwealth v. Marinelli*, 910 A.2d 672, 688 (Pa. 2006).

Following our review of the record, we conclude that the PCRA court's repeated denials of Appellant's request for copies of his transcripts denied him a meaningful opportunity to represent himself and his right to meaningful appellate review. Further, each of the issues raised in Appellant's Brief may have arguable merit.[6] We, therefore, reverse the Order dismissing Appellant's

_____

[6] Although difficult to discern with specificity, it appears that each of Appellant's issues raises layered ineffectiveness claims that have arguable

PCRA Petition, and instruct the court to provide Appellant with the requested transcripts. Given our disposition of Appellant's first issue, we need not address the merits of his remaining issues.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/24/18

---

merit and require the review of and citation to the requested transcripts to develop the claims. *See*, *e.g.*, Appellant's Brief at 4-6 (asserting underlying *Brady* claims with respect to testimony provided by a key prosecution witness).