J-S25042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYLER MITCHELL BRADSHAW | : | |
| | : | |
| Appellant | : | No. 1061 MDA 2019 |

Appeal from the PCRA Order Entered June 13, 2019
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0003479-2012

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED AUGUST 21, 2020**

Appellant, Tyler Mitchell Bradshaw, appeals *pro se* from the order entered in the Cumberland County Court of Common Pleas, which denied his petition brought under the Post-Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On November 18, 2012, Appellant and several cohorts planned and executed an armed robbery of a gas station convenience store, resulting in the fatal shooting of the store clerk.  The Commonwealth subsequently charged Appellant with criminal homicide, robbery, and conspiracy.  Following trial, a jury convicted Appellant on September 11, 2014, of second-degree murder, robbery, conspiracy to commit murder, and conspiracy to commit robbery.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

The court sentenced Appellant on December 16, 2014, to life imprisonment. On November 16, 2015, this Court affirmed the judgment of sentence. *See* *Commonwealth v. Bradshaw*, 134 A.3d 494 (Pa.Super. 2015) (unpublished memorandum). Appellant sought no further direct review.

Appellant timely filed *pro se* his first and current PCRA petition on October 6, 2016. The PCRA court appointed counsel, who filed a petition to withdraw and a *Turner/Finley*[2] no-merit letter on February 23, 2017. On April 17, 2017, Appellant filed a *pro se* request for all hearing and trial transcripts, which the court granted that same day. Following a hearing on counsel's petition, the court permitted counsel to withdraw on May 2, 2017. That same day, the court issued notice of its intention to dismiss Appellant's petition without an evidentiary hearing per Pa.R.Crim.P. 907.

On September 18, 2017, Appellant filed untimely *pro se* objections to Rule 907 notice. In his objections, Appellant raised several claims of ineffective assistance of PCRA counsel and requested leave to file a brief in support of his objections. Appellant filed on September 28, 2017, a motion to amend the trial notes of testimony to include full transcriptions of opening jury instructions and opening and closing statements. On June 13, 2019, the PCRA court granted Appellant's request to complete the transcripts, overruled Appellant's Rule 907 notice objections, and dismissed his PCRA petition.

---

[2] *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Appellant timely filed a *pro se* notice of appeal on July 1, 2019, and a voluntary concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) on July 5, 2019. Transcriptions of the opening jury instructions and opening and closing statements were filed on July 16, 2019.

Appellant raises the following issues for our review:

Whether the PCRA court erred by dismissing [Appellant]'s first PCRA petition since [Appellant] pled and thus apprised the PCRA court that he has been denied due process of law (such that the award of a new trial is warranted) since the transcripts of [Appellant]'s 2014 jury trial are incomplete, and the PCRA court's June 1[3], 2019 order to amend the, transcripts (*i.e.*, nearly two years after [Appellant] notified the PCRA court of the missing portions of the trial transcripts) has provided the obvious opportunity for alterations (to the record) to prevent [Appellant] from advancing claims of trial court error and prosecutorial misconduct related to the trial court's "opening instructions to the jury"; the prosecutor's "opening statements"; and, the prosecutor's "closing arguments"?

Whether [Appellant]'s PCRA counsel was ineffective in failing to plead that [Appellant]'s trial counsel (also, direct appeal counsel) was ineffective for failing to motion for a new trial since crucial portions of [Appellant]'s 2014 trial transcripts are missing, and any proceedings on the basis of such incomplete records abridge [Appellant]'s right of appeal and render [Appellant]'s direct appeal to be meaningless?

Whether the PCRA court erred by overruling [Appellant]'s "Objection to the [PCRA Court's] Notice of Intent to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907 *Nunc Pro Tunc*" since [Appellant] thereby pled meritorious grounds for collateral relief on [Appellant]'s first PCRA and thereby requested leave to brief the matter to the PCRA court prior to the PCRA court's dismissal of [Appellant]'s first PCRA petition?

Whether the PCRA court erred by denying [Appellant]'s first

PCRA petition since the second paragraph of the June 1[3], 2019 "final order" proffers findings that lack any legal authority, and that are in direct conflict with holdings of the United States Supreme Court in **Bounds v. Smith**, 97 S.Ct. 1491 (1977); holdings of the Pennsylvania Supreme Court in both **Commonwealth v. Shields**, 383 A.2d 844 (Pa. 1978), and **Commonwealth v. Sepulveda**, 55 A.3d 1108, 1149-1150 (Pa. 2012); and, holdings of [the Superior Court] in **Commonwealth v. Szakal**, 50 A.3d 210, 216 (Pa.Super. 2012), all of which establish that where the entire transcript of a trial is unavailable, meaningful appellate review is not possible and a new trial must be awarded?

Whether the PCRA court abused its discretion in filing a June 1[3], 2019 order for [Appellant]'s trial transcripts to be amended (*i.e.*, well after [Appellant]'s 2014 conviction had been rendered final) since the relevant legal authority directs that where the entire transcript of a trial is unavailable, meaningful appellate review is not possible and a new trial must be awarded **see Commonwealth v. Shields**, 383 A.2d 844 (Pa. 1978); **Commonwealth v. Szakal**, 50 A.3d 210, 216 (Pa.Super. 2012)?

(Appellant's Brief at 3-5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. **Commonwealth v. H. Ford**, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. J. Ford**, 44 A.3d 1190 (Pa.Super. 2012).

- 4 -

Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Wah***, 42 A.3d 335 (Pa.Super. 2012).

In his issues combined, Appellant argues PCRA counsel rendered ineffective assistance for failing to request and raise issues related to the missing segments of the trial transcripts, namely opening jury instructions and opening and closing statements. Appellant claims PCRA counsel was also ineffective for failing to assert that trial/appellate counsel rendered ineffective assistance when counsel did not complete the trial transcripts and present issues that might stem from the absent notes of testimony. Appellant avers the failure to procure the full notes of testimony violated his right to due process and rendered the Superior Court's disposition on direct appeal illusory. Appellant suggests the now-complete notes of testimony omit objections trial counsel allegedly made to the Commonwealth's remarks during opening jury instructions and opening and closing arguments.

Appellant adds that the PCRA court improperly denied his request to file a brief in support of his Rule 907 notice objections. Appellant contends the PCRA court erred when it delayed granting Appellant's request to amend the trial transcripts and disposed of Appellant's petition without complete transcripts. Appellant concludes this Court should vacate and remand for a

new trial. We disagree.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). To prevail on a claim of ineffective assistance of counsel, a petitioner bears the burden to prove his claims by a preponderance of the evidence. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable strategic basis for the asserted action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.*

"[T]o succeed on an allegation of…counsel's ineffectiveness…a post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." *Commonwealth v. D'Amato*, 579 Pa. 490, 500, 856 A.2d 806, 812 (2004) (internal citations omitted). "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the [ineffectiveness] test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." *Commonwealth v. Steele*, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008). "[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [the

petitioner's] burden of establishing that he is entitled to any relief." **Commonwealth v. Bracey**, 568 Pa. 264, 273 n.4, 795 A.2d 935, 940 n.4 (2001). **See also Commonwealth v. Chmiel**, 612 Pa. 333, 362, 30 A.3d 1111, 1128 (2011) (explaining boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy petitioner's burden of proving ineffectiveness).

"To ensure a defendant's right to meaningful appellate review [the Pennsylvania Supreme Court] requires that he…be furnished a full transcript or other equivalent picture of the trial proceedings." **Commonwealth v. Albrecht**, 554 Pa. 31, 47, 720 A.2d 693, 701 (1998) (internal quotation marks omitted). Nevertheless, "to be entitled to relief due to the incompleteness of the trial record the defendant must make some potentially meritorious challenge which cannot be adequately reviewed due to the deficiency in the transcript." **Commonwealth v. Lesko**, 609 Pa. 128, 239, 15 A.3d 345, 411 (2011) (quoting **Commonwealth v. Marinelli**, 589 Pa. 682, 709-10, 688, 910 A.2d 672, 688 (2006)).

Significantly, an ineffective assistance of counsel argument based upon a bald claim that significant portions of trial were not transcribed lacks merit. **Commonwealth v. Sepulveda**, 618 Pa. 262, 333, 55 A.3d 1108, 1150 (2012). Rather, to succeed on an ineffective assistance of counsel claim for failure to procure complete transcripts, the petitioner must "identify and develop the specific…issue he believes would have won the day on direct

appeal." ***Lesko, supra*** at 239, 15 A.3d at 411.

> …[C]onclusory allegations [are] utterly insufficient to "raise a colorable question of whether due process was violated" by the alleged unavailability of the notes of a particular day's testimony. ***Albrecht***[***supra,*** at 47-48,] 720 A.2d at 701 (rejecting appellant's "bald [] assert[ion] that there may have been some improper questions on cross-examination which the trial court failed to remedy"); ***see also Commonwealth v. Blystone***, 555 Pa. 565,[ 575 n.9,] 725 A.2d 1197, 1201 n. 9 (1999) (denying request for restoration of right to direct appeal in light of appellant's "fail[ure] to present any specific evidence to demonstrate that there may be a cognizable claim contained within the untranscribed *voir dire* proceedings").

***Marinelli, supra*** at 710, 910 A.2d at 688. In other words, counsel's failure to procure complete transcripts does not amount to presumed prejudice. ***Lesko, supra*** at 239-40, 15 A.3d at 411-12. Rather, to establish prejudice, a petitioner must raise a viable claim that the absence of complete notes of testimony violated his due process rights. ***Albrecht, supra*** at 47-48, 720 A.2d at 701-02.

Instantly, in Appellant's layered ineffectiveness claim, he baldly states that the failure to obtain complete trial transcripts violated his due process rights and deprived this Court of meaningful review on direct appeal. Nevertheless, Appellant makes no argument as to (1) what meritorious appellate claims stemmed from the omitted segments of the trial transcripts or (2) how counsels' failure to request the full transcript and raise those purported claims would have changed the outcome of his direct appeal. ***See Lesko, supra***; ***Marinelli, supra***; ***Albrecht, supra***. To the extent Appellant

- 8 -

argues that a viable claim might stem from trial counsel's alleged objections to statements the prosecutor made during opening jury instructions and opening and closing arguments, his argument fails. Appellant does not describe what the prosecutor purportedly said or the nature of counsel's objections.[3] Instead, Appellant merely speculates that appellate claims could stem from the prosecutor's statements, but he does not identify any such claims. **See Lesko, supra**; **Marinelli, supra**. Thus, Appellant's bald assertions fail to satisfy the arguable merit and prejudice prongs of the ineffectiveness test. **See Sepulveda, supra**; **Lesko, supra**; **Marinelli, supra**; **Albrecht, supra**.

Further, Appellant's assertions of PCRA court error fail. Initially, Appellant cites no law in support of his claims that the PCRA court improperly denied his petition without reviewing the subject notes of testimony; or that the PCRA court erroneously denied his request to file a brief supporting his objections to Rule 907 notice. Consequently, these claims are waived. **See Commonwealth v. Tha**, 64 A.3d 704 (Pa.Super. 2013) (holding failure to properly develop argument with citations to relevant legal authority renders

_____

[3] To the extent Appellant suggests that someone purposefully omitted from the fully-transcribed notes of trial testimony defense counsel's alleged objections to the Commonwealth's remarks, his argument is specious. Appellant offers no support for his theory beyond his rationale that the delay in filing a complete transcript provided an opportunity for tampering. Furthermore, nothing in the record supports Appellant's contention. Without more, Appellant's claim amounts to mere speculation and conjecture.

issue unreviewable and waived on appeal). Moreover, that the PCRA court lacked the "complete" notes of testimony when it dismissed Appellant's petition is immaterial, where Appellant failed to satisfy his burden to plead and prove counsels' ineffectiveness. Based upon the foregoing, we see no reason to disturb the PCRA court's order denying relief. ***See H. Ford, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2020