J-S37017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARNELL GRIMSLEY, | |
| Appellant | No. 1256 EDA 2014 |

Appeal from the PCRA Order March 21, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0900701-2006

BEFORE:  GANTMAN, P.J., SHOGAN, and LAZARUS, JJ.

MEMORANDUM BY SHOGAN, J.:               **FILED SEPTEMBER 15, 2015**

Appellant, Darnell Grimsley, appeals *pro se* from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This matter involves the murder of Devin Dunbar, which occurred on a Philadelphia Street in the early evening of April 8, 2006.  Just prior to the murder, several people had seen Appellant walking down the street with Mr. Dunbar.  Witnesses also testified that they heard a single gunshot and observed a man, fitting Appellant's description, fleeing from the scene. Mr. Dunbar died as a result of a single gunshot to the head.  After an extensive police investigation, a warrant was issued for Appellant's arrest on May 6, 2006.  Appellant was apprehended later that day.  Appellant was

charged with first-degree murder and possession of an instrument of crime ("PIC").

Appellant went to trial on October 10, 2007, and on October 16, 2007, the jury reported it was deadlocked on the charge of first-degree murder. The trial judge then declared a mistrial. Appellant was subsequently retried. On August 12, 2008, a jury convicted Appellant of first-degree murder and PIC. On October 24, 2008, the trial court sentenced Appellant to serve a term of life imprisonment for first-degree murder and a consecutive term of incarceration of one to two years for the conviction of PIC. Appellant filed post-sentence motions, which were denied. Appellant then filed a direct appeal in which he challenged both the sufficiency and weight of the evidence. On November 4, 2010, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on May 25, 2011. *Commonwealth v. Grimsley*, 905 EDA 2009, 22 A.3d 1055 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 21 A.3d 1190 (Pa. 2011).

On April 30, 2012, Appellant filed the instant PCRA petition. The PCRA court appointed counsel, who subsequently filed a *Turner/Finley* letter[1] and petitioned to withdraw from representation. On January 14, 2014, the PCRA court issued its notice of intent to dismiss pursuant to Pa.R.Crim.P.

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

907. Appellant filed a *pro se* response on February 18, 2014. On March 21, 2014, the PCRA court dismissed Appellant's PCRA petition and granted PCRA counsel's petition to withdraw. This *pro se* appeal followed.

Appellant presents the following thirteen issues in his brief, which we reproduce verbatim:

> I. DID THE TRIAL COURT ERR BY DISMISSING THE POST-CONVICTION RELIEF ACT PETITION PURSUANT TO COUNSEL'S "NO-MERIT" LETTER THAT FAILED TO COMPORT WITH APPELLANT STANDARD GOVERNING WITHDRAWAL OF COUNSEL'S REPRESENTATION IN POST-DIRECT APPEAL PROCEEDINGS?
>
> II. WAS COUNSEL INEFFECTIVE FOR NOT MEETING WITH CLIENT FACE TO FACE, FAILING TO INTERVIEW WITNESSES AND FAILING TO CONDUCT ANY INVESTIGATION?
>
> III. WAS COUNSEL INEFFECTIVE FOR FAILING TO CALL EXPERT WITNESS WHICH COULD HAVE PROVING HIS CLIENT'S INNOCENCE?
>
> IV. WHETHER TRIAL COURT ERRED IN ALLOWING FAMILY MEMBERS OF THE DECEASED TO BECOME WITNESSES FOR THE STATE, AFTER SITTING IN THE COURT-ROOM AND HEARING TESTIMONY FROM OTHER WITNESSES WHILE A SEQUESTRATION ORDER WAS IN EFFECT.
>
> V. WHETHER THE APPELLANT RECEIVED AN EFFECTIVE APPEAL WITHOUT HAVING A COMPLETE COPY OF THE TRIAL TRANSCRIPT.
>
> VI. DID THE TRIAL COURT ERR IN ADMITTING INFLAMMATORY PHOTOGRAPHS INTO EVIDENCE AFTER TRIAL COUNSEL OBJECTED AT THE FIRST TRIAL THUS FAILING TO DO THE SAME AT THE SECOND TRIAL?
>
> VII. TRIAL COUNSEL FOR MR. GRIMSLEY (APPELLANT) PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO INVESTIGATE MR. BARNES ('STAR WITNESS') CRIMINAL

HISTORY, AND IN FAILING TO CALL WITNESSES: SAFIYA, RAFIYA, PAMELA JOHNSON AND SANDY FOSTER AT TRIAL.

VIII. WAS P.C.R.A. COUNSEL INEFFECTIVE FOR FILING A NO MERIT/FINELY LETTER?

IX. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE A RULE 600 VIOLATION CLAIM.

X. PROSECUTION MISCONDUCT FOR KNOWINGLY SOLICITING FALSE TESTIMONY AND FAILING TO CORRECT THE ERROR AND LIE.

XI. WAS APPELLATE COUNSEL INEFFECTIVE FOR FAILING TO RAISE ANY CLAIMS REQUESTED BY THE APPELANT?

XII. WHETHER COMMONWEALTH PROVED ITS CASE BEYOND A REASONABLE DOUBT.

XIII. WHETHER THE VERDICT IS AGAINST THE WEIGHT OF EVIDENCE.

Appellant's Brief at 5-6.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

Appellant first argues that the PCRA court erred in dismissing his PCRA petition pursuant to appointed counsel's "no merit" letter. Appellant's Brief

at 13-14. Appellant asserts that PCRA counsel never reviewed or investigated any of the claims that Appellant raised in the PCRA petition, misstated most of the claims that Appellant wished to have raised, and did not explain why the issues raised were meritless. *Id*.

The PCRA court addressed Appellant's issue in this regard as follows:

> Following receipt of the 907 Notice of Intent to Dismiss, [Appellant] filed a response alleging that PCRA counsel did not conduct a thorough review of his *pro se* claims claiming that he failed to list and address several of [Appellant's] claims that were clearly raised in the PCRA petition. However, the [PCRA] Court's review, demonstrated that PCRA counsel addressed each of these issues in his *Finley* letter and fully explained why each claim lacked merit. While PCRA counsel may have phrased these complaints differently, he adequately addressed each of them. After its independent review of [Appellant's] complaints in the *pro se* petition, the response to the 907 notice, and the record, the [PCRA] Court found that PCRA counsel had complied with the requirements of *Finley*, agreed with PCRA counsel's assessment that [Appellant's] claims lacked merit, and permitted PCRA counsel to withdraw from representation.

PCRA Court Opinion, 6/18/14, at 7. Likewise, we have reviewed the certified record before us, and we discern no error on the part of the PCRA court in dismissing the PCRA petition and granting PCRA counsel permission to withdraw. Thus, we conclude that Appellant's first issue lacks merit.

In his second issue, Appellant argues that his trial counsel was ineffective. Appellant's Brief at 14. Specifically, Appellant claims that, after the first trial ended in a mistrial, trial counsel was ineffective when he:

> failed to prepare "in any manner" for trial, including a failure to meet with [A]ppellant face-to-face, failing to interview witnesses, and failing to conduct investigation.

*Id*.

In order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, with regard to the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." ***Commonwealth v. Ervin***, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting ***Commonwealth v. Miller***, 431 A.2d 233 (Pa. 1981)).

Our Supreme Court has long defined "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987) (quoting ***Commonwealth ex rel. Washington v. Maroney***, 235 A.2d 349 (Pa. 1967)) (emphasis in original).

In addition, we are mindful that prejudice requires proof that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***Pierce***, 786 A.2d at 213. "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) (citing ***Commonwealth v. Sneed***, 899 A.2d 1067 (Pa. 2006)). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective assistance of counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Baker***, 880 A.2d 654, 656 (Pa. Super. 2005).

It is presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. ***Commonwealth v. Williams***, 732 A.2d 1167, 1177 (Pa. 1999). We are bound by the PCRA court's credibility determinations where there is support for them in the record. ***Commonwealth v. Battle***, 883 A.2d 641, 648 (Pa. Super. 2005) (citing ***Commonwealth v. Abu-Jamal***, 720 A.2d 79 (Pa. 1998)).

Furthermore, claims of ineffective assistance of counsel are not self-proving. ***Commonwealth v. Wharton***, 811 A.2d 978, 986 (Pa. 2002). "[A] post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard...." ***Commonwealth v. D'Amato***, 856 A.2d 806,

812 (Pa. 2004). "[A]n underdeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to relief." ***Commonwealth v. Bracey***, 795 A.2d 935, 940 n.4 (Pa. 2001).

The PCRA court addressed this claim of ineffective assistance of trial counsel as follows:

> Appellant further complains that trial counsel never came to see him to prepare for trial. Appellant's own submission contradicts this claim. Trial counsel visited [A]ppellant in prison on September 5, 2007 and counsel's investigator visited with [A]ppellant in prison on October 1, 2007. (Exhibit A, Petitioner's Response to 907 Notice).[3] Thereafter, [A]ppellant's first trial ended in a mistrial. Moreover, [A]ppellant has not alleged any beneficial information or issue that counsel should have presented, had counsel come to see him more often, which would have changed the outcome of the trial. Commonwealth v. Elliot, 80 A.3d 415, 432 (Pa. 2013)(citing Commonwealth v. Travaglia, 541 Pa. 108, 661 A.2d 352, 357 (1995)) (requiring a defendant to demonstrate prejudice in an ineffectiveness claim by demonstrating that []but for the act or omission in question, the outcome of the proceedings would have been different, and noting that a claim of ineffectiveness could be denied if the petitioner fails to satisfy any one of the three prongs). Accordingly, this claim fails.
>
> [3] The names of both trial counsel and the investigator appear prior to the date [A]ppellant indicates in his exhibit, however no date is associated with the names.

PCRA Court Opinion, 6/18/14, at 5-6 (footnote in original).

Even if we were to presume that in his appellate brief to this Court Appellant has presented proper argument pertaining to the first two prongs

of the ineffectiveness standard, we must conclude that Appellant has offered no relevant discussion addressing the third prong, *i.e.*, that the alleged ineffectiveness of counsel in not adequately meeting with Appellant face-to-face after the first trial ended in a mistrial caused Appellant prejudice. Indeed, Appellant has failed to establish that, but for trial counsel's alleged error, the outcome of the proceeding would have been different. *Pierce*, 786 A.2d at 213. As we stated in *Baker*, when a petitioner has failed to meet the prejudice prong of an ineffective assistance of counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. *Baker*, 880 A.2d at 656. Accordingly, Appellant's underdeveloped argument, which fails to meaningfully discuss the prejudice prong governing the review of ineffectiveness claims, does not satisfy the burden of establishing that Appellant is entitled to relief. *Bracey*, 795 A.2d at 940 n.4. Thus, this issue does not warrant relief.

In his third issue Appellant again argues that trial counsel was ineffective. Appellant's Brief at 15. In this instance, Appellant avers that trial counsel was ineffective for failing to call a crime scene expert as a witness to dispute whether the victim "was shot on the left side of the back of the head." *Id*. Appellant concludes that "[t]rial counsel was ineffective for failing to consult with or call [an] expert witness to explain there is no way that [A]ppellant committed this crime." *Id*.

Regarding a claim of trial counsel ineffective assistance for failure to call an expert witness, this Court has stated the following:

> In order to demonstrate counsel's ineffectiveness for failure to call a witness, a petitioner must prove that "the witness existed, the witness was ready and willing to testify, and the absence of the witness' testimony prejudiced petitioner and denied him a fair trial." [**Commonwealth v.**] **Johnson**, 27 A.3d [244,] 247 [(Pa. Super. 2011)] (internal citation omitted). In particular, when challenging trial counsel's failure to produce expert testimony, "the defendant must articulate what evidence was available and identify the witness who was willing to offer such evidence." **Commonwealth v. Bryant**, 579 Pa. 119, 855 A.2d 726, 745 (Pa. 2004) (internal citation omitted).

**Commonwealth v. Luster**, 71 A.3d 1029, 1047 (Pa. Super. 2013).

Our review of the record reflects that Appellant failed to identify his expert witness or provide an affidavit that this alleged expert was available to testify on Appellant's behalf. Lacking such evidence of an available witness, the PCRA court had no reason to believe that any expert would have testified in the manner that Appellant alleges. Thus, we discern no error on the part of the PCRA court in declining to grant Appellant relief on this ineffective assistance of counsel claim.

In his fourth issue Appellant argues that trial counsel was ineffective for failing to object to trial court errors regarding violations of sequestration orders. Appellant's Brief at 15. Appellant's complete argument in this regard is as follows:

> The appellant avers that counsel was ineffective for failing to object and raise claims on the trial court errors and violation of sequestration order. Thus, after starting trial and after the sequestration order, the Commonwealth went to grieving family

> members of the deceased and obtained statements from them. And the next day of trial, allowed them to get on the witness stand and testify after hearing all the testimony of the other witnesses. See; N/T 10/11/2007, pp. 15, 89-92, and N/T 8/08/2008 pp. 86, 187-188. And see; ...Com. v. Pierce, 537 Pa. 514, 645 A.2d 189, (Pa. 1994); Spicer v. Warden of Roxbury Corr., 31 F. Supp. 2d 509 CD.Md (1998). Trial Judge even admitted that there was a order violation. See; N/T 10/11/2007, pp. 15-16, 92.

***Id***. (verbatim).

Assuming for the sake of argument that there is merit to the underlying claim that trial counsel should have objected to the violation of a sequestration order, we observe that Appellant has failed to establish, let alone make an allegation, that he has suffered any prejudice. As we previously stated, claims of ineffective assistance of counsel are not self-proving. ***Wharton***, 811 A.2d at 986. Accordingly, Appellant's issue fails.

In his fifth issue Appellant argues that trial counsel was ineffective for failing to object to remarks made by the prosecution. Appellant's Brief at 16. Specifically, Appellant presents the following argument:

> The appellant avers that counsel was ineffective for failing to object to the prejudicial remarks made by the prosecutor during the playing of the tape-recording which the prosecutor kept pausing to make inflammatory remarks to inflame the minds of the jurors. Appellant avers that he is unable to address exactly what the prosecutor said due to the [loss of transcripts]. See, N/T 8/08/08, pg. 202, where it only states the time the recording was played (2.24pm). Important/crucial portion of the trial transcripts are missing. See as follows...; Com. v. Shields, 383 A.2d 844, 477 Pa. 105 (Pa. 1978).

***Id***. (verbatim).

Appellant fails to state which remarks by the prosecutor were prejudicial, and it is his responsibility to do so. Again, claims of ineffective assistance of counsel are not self-proving. **Wharton**, 811 A.2d at 986. Appellant's underdeveloped argument that does not discuss the prejudice prong governing the review of ineffectiveness claims does not satisfy the burden of establishing relief. **Bracey**, 795 A.2d at 940 n.4. Accordingly, we must conclude that Appellant has failed to establish his claim that trial counsel was ineffective in this regard. Consequently, Appellant's issue fails.

In his sixth issue Appellant argues that the trial court erred in permitting the jury to view an inflammatory photograph of the victim's gunshot wound. Appellant's Brief at 16-17. Appellant contends that the trial court improperly overruled trial counsel's objection and incorrectly allowed jurors to see a "gruesome photo" of the deceased victim's head. **Id**.

We observe the following:

> "to be entitled to PCRA relief, a petitioner must plead and prove, *inter alia*, that the allegation of error has not been previously litigated or waived." **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005), *appeal denied*, 917 A.2d 844 (Pa. 2007). "An issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not." **Id**. These statements in **Berry** are derived directly from Section 954[4](b) of the PCRA, which provides that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 954[4](b).

*Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa. Super. 2007). Thus, where issues presented in a PCRA petition could have been raised on direct appeal and were not, they are waived. *Id*.

Our review of the record reflects that this issue asserting trial court error in publishing a photograph to the jury could have been raised on direct appeal but was not. Moreover, it is not a claim which Appellant assigns as error to counsel for failure to preserve it. Accordingly, we conclude that this issue is waived. *Turetsky*.

In his seventh issue, Appellant presents two claims of trial counsel ineffective assistance: failing to properly investigate a Commonwealth witness's criminal history and failing to call various witnesses on Appellant's behalf. Appellant's Brief at 17-18. For the following reasons, these issues do not merit relief.

Initially, Appellant contends that trial counsel was ineffective for failing to properly investigate the criminal history of Commonwealth witness Eric Barnes. We are mindful that Pa.R.A.P. 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Hence, only claims properly presented in the lower court are preserved for appeal. *See Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006) (explaining that an issue is waived where it was not presented in the original or amended PCRA petition below). Instantly, our review of the certified record reflects that Appellant failed to present this

issue of ineffective assistance of trial counsel to the PCRA court in his PCRA pleadings. Therefore, we are constrained to conclude that the issue is waived due to Appellant's failure to present it to the PCRA court.

In addition, Appellant argues that trial counsel was ineffective for failing to call various witnesses on Appellant's behalf. Specifically, Appellant contends that trial counsel should have called "Safiya," "Rafiya," Pamela Johnson, and Sandy Foster. Appellant's Brief at 17-18.

To prevail on an allegation of trial counsel's ineffectiveness for failure to call a witness, an appellant must prove: "(1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant." *Commonwealth v. Chmiel*, 889 A.2d 501, 545-546 (Pa. 2005) (citations omitted). Trial counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent witness's testimony would have been beneficial or helpful in establishing the asserted defense. *Id*. Appellant must demonstrate how the testimony of the uncalled witness would have been beneficial under the circumstances of the case. *Id*. In addition, counsel is not ineffective for failing to call a witness whose testimony would have been merely cumulative. *Commonwealth v. Meadows*, 787 A.2d 312, 320 (Pa. 2001). Further,

ineffectiveness for failing to call a witness will not be found where a petitioner fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense. **Commonwealth v. O'Bidos**, 849 A.2d 243, 249 (Pa. Super. 2004).

In the instant matter, our review of the certified record reflects that Appellant did not include an affidavit from any of the alleged witnesses indicating their availability and willingness to cooperate with the defense at trial in any of his *pro se* PCRA filings.[2] This omission alone is grounds for rejecting his claim. **O'Bidos**.

In his eighth issue Appellant raises a claim of PCRA counsel ineffective assistance. Appellant's Brief at 18. Appellant asserts that his PCRA counsel was ineffective for choosing to file a **Turner/Finley** "no merit letter." **Id**.

Instantly, Appellant's argument in this regard amounts to mere allegations of PCRA counsel ineffective assistance and lacks any discussion of the three prongs of ineffective assistance. Again, as we previously stated, claims of ineffective assistance of counsel are not self-proving. **Wharton**, 811 A.2d at 986. A PCRA petitioner must present argumentation relative to

---

[2] We note that in his appellate brief filed with this Court, Appellant has included a copy of an affidavit from "Safiya Bint-Ishmawiyl." Appendix to Appellant's Brief. However, items appended to an appellate brief but not part of the certified record on appeal are not properly before us for review and cannot be considered. **See Commonwealth v. Crawley**, 663 A.2d 676, 681 n.9 (Pa. 1995) (reiterating that where an item it has not been offered into evidence and is therefore not part of the official record, we cannot properly consider it on appeal).

all three prongs of the ineffectiveness standard. **D'Amato**, 856 A.2d at 812. Accordingly, Appellant's undeveloped claim of PCRA counsel ineffective assistance fails.

In his ninth issue Appellant again argues that his trial counsel was ineffective. Appellant's Brief at 19. In this issue, Appellant alleges that trial counsel was ineffective for failing to raise a claim of a Rule 600 violation. **Id**.

Again, Pa.R.A.P. 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Only claims properly presented in the lower court are preserved for appeal. **See Jones**, 912 A.2d at 278 (explaining that an issue is waived where it was not presented in the original or amended PCRA petition below). Instantly, our review of the certified record reflects that Appellant failed to present this issue of ineffective assistance of trial counsel to the PCRA court in any of his PCRA pleadings. Hence, we conclude that the issue is waived due to Appellant's failure to present the claim to the PCRA court.

In his tenth issue Appellant argues that the prosecution committed misconduct. Appellant's Brief at 19. Specifically, Appellant alleges that the prosecutor knowingly solicited false testimony from Eric Barnes pertaining to Mr. Barnes's criminal record and failed to correct the witness's misstatement regarding his criminal record. **Id**.

As mentioned earlier in this memorandum, "An issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not." **Turetsky**, 925 A.2d at 879. Section 9544(b) of the PCRA provides that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). Consequently, where issues presented in a PCRA petition could have been raised on direct appeal and were not, they are waived. **Turetsky**, 925 A.2d at 879.

This issue claiming prosecutorial misconduct concerning the testimony of Mr. Barnes could have been raised on direct appeal, but was not. Therefore, we conclude that this issue is waived. **Turetsky**.

In his eleventh issue Appellant argues that his appellate counsel was ineffective for failing to raise "any claims requested by the appellant." Appellant's Brief at 20. Again, a post-conviction petitioner must, at a minimum, present argumentation on all three prongs of the ineffectiveness standard. **D'Amato**, 856 A.2d at 812.

Our review reflects that Appellant has failed to develop this allegation of ineffective assistance of appellate counsel beyond bald claims concerning a failure to raise unspecified issues requested by Appellant. Appellant has failed to develop an argument concerning whether appellate counsel had a reasonable basis for the failure to present claims, or how Appellant suffered prejudice as a result of appellate counsel's alleged inaction. Thus, we

conclude that Appellant has failed to establish his claim that appellate counsel was ineffective.

In his twelfth issue Appellant argues that there was insufficient evidence to support his conviction. Appellant's Brief at 20-22. Appellant asserts that the Commonwealth failed to prove its case as to all of his charges, but specifically, Appellant targets his conviction for first-degree murder.

As we previously observed, to be entitled to PCRA relief, a petitioner must plead and prove that the allegation of error has not been previously litigated. *Berry*, 877 A.2d at 482. A claim is previously litigated under the PCRA if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. 42 Pa.C.S. § 9544(a)(2).

Our review reflects that, on direct appeal to this Court, Appellant specifically challenged the sufficiency of the evidence supporting his conviction of first-degree murder, and this Court thoroughly addressed the claim. *Grimsley*, 905 EDA 2009, 22 A.3d 1055 (unpublished memorandum at 8-14). In Appellant's direct appeal, we ultimately concluded that "[A]ppellant's conviction for first degree murder was supported by the evidence." *Id*. at 14. Therefore, because the challenge to the sufficiency of the evidence was previously litigated on direct appeal, it is not cognizable for our review.

In his final issue Appellant attempts to argue that his conviction of first-degree murder was against the weight of the evidence. Appellant's Brief at 22. However, this claim is not cognizable under the PCRA.

In order to be entitled to relief under the PCRA, a petitioner first must establish that his conviction or sentence resulted from one or more of the errors found in 42 Pa.C.S. § 9543(a)(2). **Commonwealth v. Keaton**, 45 A.3d 1050, 1060 (Pa. 2012). Section 9543(a)(2) provides as follows:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> * * *
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
>> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>>
>> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>>
>> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

- 19 -

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

Appellant's issue challenges the weight of the evidence upon which his conviction is based. This claim does not fit into any of the categories delineated in section 9543(a)(2). Accordingly, it is not cognizable under the PCRA and will not afford Appellant relief.

Moreover, even if the issue were cognizable under the PCRA, as we previously observed, Pa.R.A.P. 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). **See Jones**, 912 A.2d at 278 (explaining that an issue is waived where it was not presented in the original or amended PCRA petition below). Instantly, our review of the certified record reflects that Appellant failed to present this issue to the PCRA court in his various PCRA pleadings.

Therefore, we are constrained to conclude that, had this claim been cognizable under the PCRA, the issue would be waived due to Appellant's failure to present the claim to the PCRA court.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2015

_____

[3] Our review reflects that, on direct appeal, Appellant raised a challenge to the weight of the evidence. However, in addressing Appellant's direct appeal, we determined that the issue was waived for failure to present the issue to the trial court as required under Pa.R.Crim.P. 607(A). **Grimsley**, 905 EDA 2009, 22 A.3d 1055 (unpublished memorandum at 14). Thus, we note that had this issue been presented as a claim of ineffective assistance of counsel for failing to properly preserve a weight of the evidence challenge for direct appeal, it could be cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(ii). However, Appellant does not allege ineffective assistance of counsel in this regard.