387 A.2d 83

**COMMONWEALTH of Pennsylvania**

v.

**Robert FIELDS, Petitioner.**

Supreme Court of Pennsylvania.

June 7, 1978.

480

Gary F. DiVito, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Philadelphia County, Robert B. Lawler, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia,. for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-
EROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

A jury convicted petitioner of burglary and conspiracy.
The Superior Court, holding that both of petitioner's assign-
ments of error had been waived, affirmed (Spaeth, J., joined
by Cercone, J., dissenting). The only issue petitioner
presents is whether he waived objections to the sentencing
court's alleged consideration of arrests not resulting in con-
victions. See *Commonwealth ex rel. Townsend v. Burke,*
361 Pa. 35, 63 A.2d 77 (1949); cf. *United States v. Tucker,*
404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (sentencing
court may not consider constitutionally invalid convictions);
*Del Piano v. United States,* 575 F.2d 1066 (3rd Cir., 1978)
(same).

At sentencing, the court had available a report containing
petitioner's criminal record, which revealed eighteen adult
arrests for various offenses resulting in nine convictions, and
several juvenile dispositions. Petitioner alleges that he re-
quested the court at the sentencing proceeding to disregard
arrests not resulting in convictions but that the court ex-
pressed its belief that petitioner was guilty even in those
instances not resulting in convictions and that therefore the
court would consider all the arrests in imposing sentence.
The record shows only the following:

> "(Whereupon there was continued colloquy concerning the
> defendant's criminal extract.)"

It is unclear whether the discussion was not transcribed or
whether transcription of the conference has been lost.[1]

We recently reaffirmed that where appellate review
of assignments of error is rendered impossible because the

---

1. The Commonwealth has submitted a letter from the court reporter
   averring that one box of transcripts from petitioner's trial cannot be
   located.

transcript is unavailable through no fault of the defendant, the disposition in question must be vacated and remanded for proceedings of record. See *Commonwealth v. Shields,* 477 Pa. 105, 383 A.2d 844 (1978); *Commonwealth v. Goldsmith,* 452 Pa. 22, 304 A.2d 478 (1973); *Commonwealth v. Norman,* 447 Pa. 515, 291 A.2d 112 (1972); *Commonwealth v. DeSimone,* 447 Pa. 380, 290 A.2d 93 (1972); *Commonwealth v. Anderson,* 441 Pa. 483, 272 A.2d 877 (1971). This principle is particularly important with respect to sentencing in light of our recent decisions directing the sentencing court, on the record, to place reasons for the sentence imposed. See *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) . (plurality opinion); cf. *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976) (sentencing court must consider defendant's background, individual characteristics, relative culpability and prospects for rehabilitation); see generally ABA Standards Relating to Appellate Review of Sentences § 2.3 (Approved Draft, 1968).

■ Because the necessary portion of the transcript is missing, this Court cannot determine whether petitioner's claim has been preserved and, if so, whether it has merit. See *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974) (timely objection during proceeding required to preserve issue for appellate review). We therefore grant petitioner's request for allowance of appeal,[2] vacate judgment of sentence and remand for a new sentencing hearing of record.

Judgment vacated and remanded for proceedings consistent with this opinion.

POMEROY, Justice, concurring.

Petitioner, Robert Fields, contends that the trial court, in imposing sentence, impermissibly considered certain of

2. We hear this appeal pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 204, 17 P.S. § 211.204 (Supp.1977).

Fields' prior arrests which did not result in convictions. Whether in fact such improper considerations did enter into the determination of the sentence cannot be known because the transcript of the sentencing hearing is incomplete. I am satisfied, however, that petitioner has raised a colorable claim of prejudice resulting from the incomplete record, and thus is entitled to relief. This case is to be distinguished from *Commonwealth v. Shields,* 477 Pa. 105, ——, 383 A.2d 844, 848 (1978) (dissenting opinion of POMEROY, J., joined by LARSEN, J.), wherein the defendant on appeal simply made a general, unsubstantiated claim that prosecutorial misconduct had occurred in the district attorney's summation, the transcript of which was missing. Thus I concur in the remand for a new sentencing hearing.*

* The appropriate remedy in a case of this sort would normally be to remand to the trial court so that an equivalent picture of what actually transpired during the sentencing hearing might be reconstructed. See, *e. g., Commonwealth v. Anderson,* 441 Pa. 483, 272 A.2d 877 (1971). In this case, however, the Commonwealth does not argue, and it is not apparent from the record, that such a reconstruction is possible. A complete new sentencing hearing is therefore required.