# RULES OF JUVENILE COURT PROCEDURE

## DELINQUENCY MATTERS

\* \* \*

**PART D**
**[MASTERS]<u>JUVENILE COURT HEARING OFFICERS</u>**

182. Qualifications of **[Master]<u>Juvenile Court Hearing Officer</u>**
185. Appointment to Cases
187. Authority of **[Master]<u>Juvenile Court Hearing Officer</u>**
190. Admissions Before **[Master]<u>Juvenile Court Hearing Officer</u>**
191. **[Master's]<u>Juvenile Court Hearing Officer's</u>** Findings and Recommendation to the Judge
192. Challenge to **[Master's]<u>Juvenile Court Hearing Officer's</u>** Recommendation

\* \* \*

## DEPENDENCY MATTERS

\* \* \*

**PART D**
**[MASTERS]<u>JUVENILE COURT HEARING OFFICERS</u>**

1182. Qualifications of **[Master]<u>Juvenile Court Hearing Officer</u>**
1185. Appointment to Cases
1187. Authority of **[Master]<u>Juvenile Court Hearing Officer</u>**
1190. Stipulations Before **[Master]<u>Juvenile Court Hearing Officer</u>**
1191. **[Master's]<u>Juvenile Court Hearing Officer's</u>** Findings and Recommendation to the Judge

\* \* \*

**RULE 120.  DEFINITIONS**

* * *

COURT is the Court of Common Pleas, a court of record, which is assigned to hear juvenile delinquency matters.  Court shall include **[masters]juvenile court hearing officers** when they are permitted to hear cases under these rules and magisterial district judges when issuing an arrest warrant pursuant to Rule 210.  Juvenile Court shall have the same meaning as Court.

* * *

JUVENILE is a person who has attained ten years of age and is not yet twenty-one years of age who is alleged to have, upon or after the juvenile's tenth birthday, committed a delinquent act before reaching eighteen years of age or who is alleged to have violated the terms of juvenile probation prior to termination of juvenile court supervision.

**JUVENILE COURT HEARING OFFICER is an attorney with delegated authority to preside over and make recommendations for delinquency matters.  Juvenile court hearing officer has the same meaning as master as used pursuant to 42 Pa.C.S. § 6301 *et seq.***

* * *

**[MASTER is an attorney with delegated authority to hear and make recommendations for juvenile delinquency matters.  Master has the same meaning as hearing officer.]**

* * *

**COMMENT**

* * *

Under the term "court," to determine if **[masters]juvenile court hearing officers** are permitted to hear cases, see Rule 187.  *See* Rule 210 for the power of magisterial district judges to issue arrest warrants.

* * *

The term "judge" refers to a judge of the Court of Common Pleas, including senior judges when they are properly certified.  It does not include **[masters]juvenile court hearing officers** or magisterial district judges.  Magisterial district judges, however, are included within the definition of "court" when they have the power to issue arrest warrants pursuant to Rule 210.  *See* discussion *supra* under definition of "court."

2

Arrest warrants are distinguished from bench warrants pursuant to Rules 140 and 141. Only judges of the Court of Common Pleas may issue bench warrants if the juvenile: 1) fails to appear at a hearing; or 2) absconds from the court's supervision.

\* \* \*

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 120 published with the Court's Order at - Pa.B. - (-).**

**RULE 127. RECORDING AND TRANSCRIBING JUVENILE COURT PROCEEDINGS**

A. **Recording.** There shall be a recording of all juvenile delinquency proceedings, including proceedings conducted by **[masters]juvenile court hearing officers**, except as provided in Rule 242(B)(2).

\* \* \*

**COMMENT**

\* \* \*

The rule is intended to apply to all juvenile delinquency proceedings and to ensure all proceedings are recorded, including proceedings before **[masters]juvenile court hearing officers**, with the exception of detention hearings.

\* \* \*

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 127 published with the Court's Order at - Pa.B. - (-).**

## RULE 140 . BENCH WARRANTS FOR FAILURE TO APPEAR AT HEARINGS

* * *

C. **Juvenile.**

1) *Where to take the juvenile.*

   a) When a juvenile is taken into custody pursuant to a bench warrant, the juvenile shall be taken without unnecessary delay to the judge who issued the warrant or a judge or **[master]juvenile court hearing officer** designated by the President Judge to hear bench warrants.

   b) If the juvenile is not brought before a judge or **[master]juvenile court hearing officer**, the juvenile shall be released unless:

* * *

2) *Prompt hearing.*

   a) If a juvenile is detained, the juvenile shall be brought before the judge who issued the warrant, a judge or **[master]juvenile court hearing officer** designated by the President Judge to hear bench warrants, or an out-of-county judge or **[master]juvenile court hearing officer** pursuant to paragraph (C)(4) within seventy-two hours.

   b) If the juvenile is not brought before a judge or **[master]juvenile court hearing officer** within this time, the juvenile shall be released.

* * *

4) *Out-of-county custody.*

* * *

   c) If transportation cannot be arranged immediately, then the juvenile shall be taken without unnecessary delay to a judge or **[master]juvenile court hearing officer** of the county where the juvenile is found.

   d) The judge or **[master]juvenile court hearing officer** will identify the juvenile as the subject of the warrant, decide whether detention is warranted, and order or recommend that arrangements be made to transport the juvenile to the county of issuance.

* * *

D. **Witnesses.**

1) *Where to take the witness.*

a) When a witness is taken into custody pursuant to a bench warrant, the witness shall be taken without unnecessary delay to the judge who issued the warrant or a judge or **[master]juvenile court hearing officer** designated by the President Judge to hear bench warrants.

b) If the witness is not brought before a judge or **[master]juvenile court hearing officer**, the witness shall be released unless the warrant specifically orders detention of the witness.

c) A motion for detention as a witness may be filed anytime before or after the issuance of a bench warrant. The judge may order or the **[master]juvenile court hearing officer** may recommend detention of the witness pending a hearing.

* * *

2) *Prompt hearing.*

a) If a witness is detained pursuant to paragraph (D)(1)(c) or brought back to the county of issuance pursuant to paragraph (D)(4)(f), the witness shall be brought before the judge or **[master]juvenile court hearing officer** by the next business day.

b) If the witness is not brought before a judge or **[master]juvenile court hearing officer** within this time, the witness shall be released.

* * *

4) *Out-of-county custody.*

* * *

b) The witness shall be taken without unnecessary delay **and** within the next business day to a judge or **[master]juvenile court hearing officer** of the county where the witness is found.

c) The judge or **[master]juvenile court hearing officer** will identify the witness as the subject of the warrant, decide whether detention as a witness is warranted, and order or recommend that arrangements be made to transport the witness to the county of issuance.

* * *

F. **Return & execution of the warrant for juveniles and witnesses.**

* * *

2) The bench warrant shall be returned to the judge who issued the warrant or to the judge or **[master]juvenile court hearing officer** designated by the President Judge to hear bench warrants.

\* \* \*

**COMMENT**

\* \* \*

Pursuant to paragraph (C)(1)(a), the juvenile is to be taken immediately to the judge who issued the bench warrant or a judge or **[master]juvenile court hearing officer** designated by the President Judge of that county to hear bench warrants. This provision allows the judge or **[master]juvenile court hearing officer** the discretion to postpone a hearing, for example, the adjudicatory hearing, until later in the same day while the police officer, sheriff, or juvenile probation officer retrieves the juvenile. If taken into custody on the same day, the juvenile is to be brought immediately before the court for the hearing. However, pursuant to paragraph (C)(1)(b), if a bench warrant specifically provides that the juvenile may be detained in a detention facility, or there are circumstances apparent at the time of the surrender or apprehension that merit detention of the juvenile, the juvenile may be detained without having to be brought before the judge or **[master]juvenile court hearing officer** until a hearing within seventy-two hours under paragraph (C)(2)(a). The juvenile is not to languish in a detention facility. Pursuant to this paragraph, if a hearing is not held promptly, the juvenile is to be released. *See* paragraph (C)(2)(b).

At the seventy-two hour hearing, the judge or **[master]juvenile court hearing officer** may determine that the juvenile willfully failed to appear and may continue the detention of the juvenile until the rescheduled hearing. If the juvenile is detained, the rescheduled hearing is governed by the time requirements provided elsewhere in these rules. *See* Rules 240, 391, 404, 510 and 605.

Under paragraphs (C)(2) and (C)(4), a juvenile taken into custody pursuant to a bench warrant is to have a hearing within seventy-two hours regardless of where the juvenile is found. *See* Rule 240(C).

\* \* \*

Pursuant to paragraph (D)(1)(a), the witness is to be taken immediately to the judge who issued the bench warrant or a judge or **[master]juvenile court hearing officer** designated by the President Judge of that county to hear bench warrants. This provision allows the judge or **[master]juvenile court hearing officer** the discretion to postpone a hearing, for example, an adjudicatory hearing, until later in the same day while the police officer, sheriff, or juvenile probation officer retrieves the witness. The witness is to be brought immediately before the court for the hearing. However, pursuant to paragraph (D)(1)(b), if the judge or **[master]juvenile court hearing officer**

7

is not available, the witness is to be released immediately unless the warrant specifically orders detention.  Pursuant to paragraph (D)(1)(c), a motion for detention as a witness may be filed.  If the witness is detained, a prompt hearing pursuant to paragraph (D)(2) is to be held by the next business day or the witness is to be released.  *See* paragraph (D)(2)(b).

At the hearing pursuant to paragraph (D)(2)(a), the judge or **[master]juvenile court hearing officer** may determine that the witness willfully failed to appear and find or recommend that the witness is in contempt of court, or that the witness is in need of protective custody.  If the judge or **[master]juvenile court hearing officer** has made one of these findings, the judge may continue the detention of the witness until the rescheduled hearing.  The judge or **[master]juvenile court hearing officer** should schedule the hearing as soon as possible.  In any event, if the witness is detained, the rescheduled hearing must be conducted by the specific time requirements provided elsewhere in these rules.  *See* Rules 240, 391, 404, 510 and 605.

Pursuant to paragraph (D)(4)(b), a witness is to be brought before an out-of-county judge or **[master]juvenile court hearing officer** by the next business day unless the witness can be brought before the judge who issued the bench warrant within this time.  When the witness is transported back to the county of issuance within seventy-two hours of the execution of the bench warrant, the witness is to be brought before the court by the next business day.  *See* paragraph (D)(4)(f).

Pursuant to paragraph (F)(2), the bench warrant is to be returned to the judge who issued the warrant or to the judge or **[master]juvenile court hearing officer** designated by the President Judge to hear warrants by the arresting officer executing a return of warrant.  *See* paragraph (F)(3).

\* \* \*

If there is a bench warrant issued, **[masters]juvenile court hearing officers** may hear cases in which the petition alleges only misdemeanors.  *See* Rule 187(A)(2) and (3).  The purpose of the hearing for juveniles pursuant to paragraph (C)(2)(a) or the hearing for witnesses pursuant to paragraph (D)(2)(a) is to determine if the juvenile or witness willfully failed to appear and if continued detention is necessary.

Pursuant to Rule 191, the **[master]juvenile court hearing officer** is to submit his or her findings and recommendation to the court.  In bench warrant cases, the **[master]juvenile court hearing officer** should immediately take his or her recommendation to the judge so the judge can make the final determination of whether the juvenile or witness should be released.  *See* Rule 191(C).

If the findings and recommendation are not taken immediately to the judge, the **[master]juvenile court hearing officer** is to submit the recommendation within one business day.  *See* Rule 191(B).

**Official Note:**

8

* * *

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

* * *

**Final Report explaining the amendments to Rule 140 published with the Court's Order at - Pa.B. - (-).**

**RULE 160.  INSPECTING, COPYING, AND DISSEMINATING THE OFFICIAL COURT RECORD**

A.  **Inspecting.**  The official court record is only open to inspection by:

    1)  the judges, **[masters]<u>juvenile court hearing officers</u>**, juvenile probation officers, and staff of the court;

* * *

**Official Note:**

* * *

<u>**Amended April 6, 2017, effective September 1, 2017.**</u>

*Committee Explanatory Reports:*

* * *

<u>**Final Report explaining the amendments to Rule 160 published with the Court's Order at - Pa.B. - (-).**</u>

**RULE 166.  MAINTAINING RECORDS IN THE CLERK OF COURTS**

\* \* \*

**COMMENT**

\* \* \*

The list of docket entries is a running record of all information related to any action in a juvenile case in the court of common pleas of the clerk's county, such as dates of filings, of orders, and of court proceedings, including hearings conducted by **[masters]juvenile court hearing officers**.  Nothing in this rule is intended to preclude the use of automated or other electronic means for timestamping or making docket entries.

This rule applies to all proceedings in the court of common pleas, including hearings conducted by **[masters]juvenile court hearing officers**, at any stage of the delinquency case.

\* \* \*

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 166 published with the Court's Order at - Pa.B. - (-).**

## PART D
## [MASTER]<u>JUVENILE COURT HEARING OFFICER</u>

182.  Qualifications of **[Master]<u>Juvenile Court Hearing Officer</u>**
185.  Appointment to Cases
187.  Authority of **[Master]<u>Juvenile Court Hearing Officer</u>**
190.  Admissions Before **[Master]<u>Juvenile Court Hearing Officer</u>**
191.  **[Master's]<u>Juvenile Court Hearing Officer's</u>** Findings and Recommendation to the Judge
192.  Challenge to **[Master's]<u>Juvenile Court Hearing Officer's Findings and</u>** Recommendation

**RULE 182.  QUALIFICATIONS OF [MASTER]JUVENILE COURT HEARING OFFICER**

A. **Education, Experience, and Training.**  To preside as a **[master]juvenile court hearing officer** over cases governed by the Juvenile Act, 42 Pa.C.S. § 6301 *et seq.,* an individual shall:

* * *

B. **Continuing Education.**  Upon meeting the requirements of paragraph (A)(3), a **[master]juvenile court hearing officer** shall thereafter complete six hours of instruction from a course(s) designed by the Juvenile Court Judges' Commission, in juvenile delinquency law, policy, or related social science research every two years.

C. **Compliance.**

   1) A **[master]juvenile court hearing officer** shall sign an affidavit attesting that he or she has met the requirements of this rule.

   2) Prior to presiding as a **[master]juvenile court hearing officer**, the attorney shall send the affidavit to the President Judge or his or her designee of each judicial district where the attorney is seeking to preside as a **[master]juvenile court hearing officer**.

   3) After submission of the initial affidavit pursuant to paragraph (C)(2), **[masters]juvenile court hearing officers** shall submit a new affidavit every two years attesting that the continuing education requirements of paragraph (B) have been met.


**COMMENT**

Pursuant to paragraphs (A)(1) & (2), **[masters]juvenile court hearing officers** are to be in good standing and have at least five consecutive years of experience as an attorney.  It is best practice to have at least two years of experience in juvenile law.

* * *

For continuing education under paragraph (B), **[masters]juvenile court hearing officers** are to attend six hours of instruction from a course or multiple courses designed by the Juvenile Court Judges' Commission.  This is to ensure uniform training among **[masters]juvenile court hearing officers**.

* * *

Pursuant to paragraph (C), a **[master]juvenile court hearing officer** is to certify to the court that the requirements of this rule have been met prior to presiding as **[master]a juvenile court hearing officer,** and submit new affidavits every two years thereafter.

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 182 published with the Court's Order at - Pa.B. - (-).**

**RULE 185.  APPOINTMENT TO CASES**


A.  **Appointment**.  If necessary to assist the juvenile court judge, the president judge or his or her designee may appoint **[masters]juvenile court hearing officers** to hear designated juvenile delinquency matters.

B.  **Prohibited practice.  [Masters]Juvenile court hearing officers** shall not engage in practice before the juvenile court in the same judicial district where they preside over juvenile matters.

* * *


**Official Note:**

* * *


**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

* * *


**Final Report explaining the amendments to Rule 185 published with the Court's Order at - Pa.B. - (-).**

**RULE 187.  AUTHORITY OF [MASTER]JUVENILE COURT HEARING OFFICER**

A. **Cases to be heard by [Master]Juvenile Court Hearing Officer.**  A **[master]juvenile court hearing officer** shall have the authority to preside over only the following:

* * *

B. **No authority.**  A **[master]juvenile court hearing officer** shall not have the authority to:

* * *

C. **Right to hearing before judge.**  Prior to the commencement of any proceeding, the **[master]juvenile court hearing officer** shall inform the juvenile, the juvenile's guardian(s), if present, the juvenile's attorney, and the attorney for the Commonwealth that the juvenile and the Commonwealth have a right to have the matter heard by a judge.  If the juvenile or the Commonwealth objects to having the matter heard by the **[master]juvenile court hearing officer**, the case shall proceed before the judge.


**COMMENT**

A **[master's]juvenile court hearing officer's** authority is limited under paragraph (A) to specifically those types of cases provided.  To implement this rule, Rule 800 suspends 42 Pa.C.S. § 6305(b) only to the extent that **[masters]juvenile court hearing officers** may not hear all classes of cases.

Under paragraph (B)(2), nothing is intended to limit the **[master's]juvenile court hearing officer's** ability, in a proper case before the **[master]juvenile court hearing officer**, to recommend to the court that a warrant be issued.  This includes arrest, bench, and search warrants.

Concerning the provisions of paragraph (C), *see* 42 Pa.C.S. § 6305(b).

*See* Rule 127 for recording of proceedings before a **[master]juvenile court hearing officer**.

**Official Note:**

* * *

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

* * *

**Final Report explaining the amendments to Rule 187 published with the Court's Order at - Pa.B. - (-).**

## RULE 190.  ADMISSIONS BEFORE [MASTER]<u>JUVENILE COURT HEARING OFFICER</u>

A.  **Types of cases**.  A **[master]<u>juvenile court hearing officer</u>** may accept an admission to any misdemeanor.

\* \* \*

**Official Note:**

\* \* \*

**<u>Amended April 6, 2017, effective September 1, 2017.</u>**

*Committee Explanatory Reports:*

**<u>Final Report explaining the amendments to Rule 190 published with the Court's Order at - Pa.B. - (-).</u>**

**RULE 191. [MASTER'S]JUVENILE COURT HEARING OFFICER'S FINDINGS AND RECOMMENDATION TO THE JUDGE**

A. **Announcement of Findings and Recommendation.** At the conclusion of the hearing, the **[master]juvenile court hearing officer** shall announce in open court on the record, the **[master's]juvenile court hearing officer's** findings and recommendation to the judge.

B. **Submission of Papers and Contents of Recommendation.** Within one business day, the **[master]juvenile court hearing officer** shall submit a summary of the recommendation to the juvenile court judge. If requested, a copy of the summary shall be given to the juvenile's attorney, the juvenile, if unrepresented, the attorney for the Commonwealth, and the juvenile probation officer. The summary shall specifically state a recommendation to the judge.

C. **Judicial Action.** The judge shall by order:

* * *

3) send the recommendation back to the **[master]juvenile court hearing officer** for more specific findings; or

* * *

**COMMENT**

The juvenile court may promulgate a form for **[masters]juvenile court hearing officers** to use. The summary of the recommendation may take the form of a court order to be adopted by the court.

If a party contests the **[master's]juvenile court hearing officer's** decision, the copy of the summary may be used as an attachment in a motion for a rehearing in front of the judge.

The **[master's]juvenile court hearing officer's** decision is subject to approval of the judge. When the judge, in rejecting the **[master's]juvenile court hearing officer's** recommendation, modifies a factual determination, a rehearing is to be conducted. The judge may reject the **[master's]juvenile court hearing officer's** findings and enter a new finding or disposition without a rehearing if there is no modification of factual determinations. *See In re Perry*, 459 A.2d 789 (Pa. Super.**[ Ct.]** 1983). The juvenile waives the right to complain of double jeopardy if the Commonwealth requests a rehearing before the judge. *See In re Stephens*, 419 A.2d 1244 (Pa. Super.**[ Ct.]** 1980).

Nothing in this rule prohibits the court from modifying conclusions of law made by the **[master]juvenile court hearing officer**.

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 191 published with the Court's Order at - Pa.B. - (-).**

**RULE 192.  CHALLENGE TO [MASTER'S]<u>JUVENILE COURT HEARING OFFICER'S</u> RECOMMENDATION**

A. **Time limitation.**  A party may challenge the **[master's]<u>juvenile court hearing officer's</u>** recommendation by filing a motion with the clerk of courts within three days of receipt of the recommendation.  The motion shall request a rehearing by the judge and aver reasons for the challenge.

\* \* \*

**Official Note:**

\* \* \*

<u>**Amended April 6, 2017, effective September 1, 2017.**</u>

*Committee Explanatory Reports:*

\* \* \*

<u>**Final Report explaining the amendments to Rule 192 published with the Court's Order at - Pa.B. - (-).**</u>

**RULE 243.  DETENTION REHEARINGS**

* * *

C.  **Forum.**  The judge, who heard the original detention hearing or adopted the findings of the **[master]juvenile court hearing officer**, shall hold the rehearing, unless the judge assigns the case to a **[master]juvenile court hearing officer**.


**COMMENT**

* * *

Under paragraph (C), only a judge may hold a rehearing, unless the judge orders a **[master]juvenile court hearing officer** to hear the case.

**Official Note:**

* * *

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

* * *

**Final Report explaining the amendments to Rule 243 published with the Court's Order at - Pa.B. - (-).**

**RULE 512.  DISPOSITIONAL HEARING**

\* \* \*

**COMMENT**

\* \* \*

To the extent practicable, the judge or **[master]juvenile court hearing officer** that presided over the adjudicatory hearing for a juvenile should preside over the dispositional hearing for the same juvenile.

\* \* \*

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 512 published with the Court's Order at - Pa.B. - (-).**

**RULE 800. SUSPENSIONS OF ACTS OF ASSEMBLY**

\* \* \*

6) The Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 6305(b), which provides that the court may direct hearings in any case or class or cases be conducted by the **[master,]juvenile court hearing officer, formerly known as a "master,"** is suspended only insofar as the Act is inconsistent with Rule 187, which allows **[masters]juvenile court hearing officers** to hear only specific classes of cases.

\* \* \*

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 800 published with the Court's Order at - Pa.B. - (-).**

**DEPENDENCY MATTERS**

**CHAPTER 11**

* * *

**PART D**
**[MASTERS]JUVENILE COURT HEARING OFFICERS**

1182.  Qualifications of **[Master]Juvenile Court Hearing Officer**
1185.  Appointment to Cases
1187.  Authority of **[Master]Juvenile Court Hearing Officer**
1190.  Stipulations Before **[Master]Juvenile Court Hearing Officer**
1191.  **[Master's]Juvenile Court Hearing Officer's** Findings and Recommendation to the Judge

* * *

**RULE 1120.  DEFINITIONS**

\* \* \*

COURT is the Court of Common Pleas, a court of record, which is assigned to hear dependency matters.  Court shall include **[masters]juvenile court hearing officers** when they are permitted to hear cases under these rules.  Juvenile court shall have the same meaning as court.

\* \* \*

**JUVENILE COURT HEARING OFFICER is an attorney with delegated authority to preside over and make recommendations for dependency matters. Juvenile court hearing officer has the same meaning as master as used pursuant to 42 Pa.C.S. § 6301 *et seq.***

\* \* \*

**[MASTER is an attorney with delegated authority to hear and make recommendations for dependency matters.  Master has the same meaning as hearing officer.]**

\* \* \*

**COMMENT**
\* \* \*

Under the term "court," to determine if **[masters]juvenile court hearing officers** are permitted to hear cases, see Rule 1187.
\* \* \*

**Official Note:**
\* \* \*
**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1120 published with the Court's Order at - Pa.B. - (-).**

**RULE 1127.  RECORDING AND TRANSCRIBING JUVENILE COURT PROCEEDINGS**

A.  **Recording.**  There shall be a recording of all dependency proceedings, including proceedings conducted by **[masters]juvenile court hearing officers**, except as provided in Rule 1242(B)(2).

\* \* \*

**COMMENT**

Some form of record or transcript is necessary to permit meaningful consideration of claims of error and effective appellate review.  *In re J.H.,* 788 A.2d 1006 (Pa. Super. **[Ct.]** 2001).  *See, e.g.,* Pa.R.A.P. **[Rules]** 1922, 1923, 1924; *Commonwealth v. Fields*, **[478 Pa. 479, ]**387 A.2d 83 (**Pa.** 1978); *Commonwealth v. Shields*, **[477 Pa. 105, ]**383 A.2d 844 (**Pa.** 1978).  This rule is intended to provide a mechanism to ensure appropriate recording and transcribing of court proceedings.  Pursuant to Rule 1800, 42 Pa.C.S. § 6336(c) was suspended only to the extent that all proceedings are to be recorded, except as provided in Rule 1242 (B)(2).  Full minutes are not recordings.  This change was to effectuate effective appellate review.

The rule is intended to apply to all dependency proceedings and to ensure all proceedings are recorded, including proceedings before **[masters]juvenile court hearing officers**, except for shelter care hearings.

\* \* \*

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1127 published with the Court's Order at - Pa.B. - (-).**

**RULE 1154.  DUTIES OF GUARDIAN *AD LITEM***

A guardian *ad litem* shall:

* * *

3) Participate in all proceedings, including hearings before **[masters]juvenile court hearing officers**, and administrative hearings and reviews to the degree necessary to adequately represent the child;

* * *

**Official Note:**

* * *

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

* * *

**Final Report explaining the amendments to Rule 1154 published with the Court's Order at - Pa.B. - (-).**

**RULE 1166.  MAINTAINING RECORDS IN THE CLERK OF COURTS**

\* \* \*

**COMMENT**

\* \* \*

The list of docket entries is a running record of all information related to any action in a dependency case in the court of common pleas of the clerk's county, such as dates of filings, of orders, and of court proceedings, including hearings conducted by **[masters]juvenile court hearing officers**.  Nothing in this rule is intended to preclude the use of automated or other electronic means for time-stamping or making docket entries.

This rule applies to all proceedings in the court of common pleas, including hearings conducted by **[masters]juvenile court hearing officers**, at any stage of the dependency case.

\* \* \*

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1166 published with the Court's Order at - Pa.B. - (-).**

## PART D
## [MASTERS]JUVENILE COURT HEARING OFFICERS

1182. Qualifications of **[Master]<u>Juvenile Court Hearing Officer</u>**

1185. Appointment to Cases

1187. Authority of **[Master]<u>Juvenile Court Hearing Officer</u>**

1190. Stipulations Before **[Master]<u>Juvenile Court Hearing Officer</u>**

1191. **[Master's]<u>Juvenile Court Hearing Officer's</u>** Findings and Recommendation to the Judge

**RULE 1182. QUALIFICATIONS OF [MASTER] JUVENILE COURT HEARING OFFICER**

A. **Education, Experience, and Training.** To preside as a **[master]juvenile court hearing officer** over cases governed by the Juvenile Act, 42 Pa.C.S. § 6301 *et seq.,* an individual shall:

* * *

B. **Continuing Education.** Upon meeting the requirements of paragraph (A)(3), a **[master]juvenile court hearing officer** shall thereafter complete six hours of instruction from a course(s) designed by the Office of Children and Families in the Courts, in juvenile dependency law, policy, or related social science research every two years.

C. **Compliance.**

1) A **[master]juvenile court hearing officer** shall sign an affidavit attesting that he or she has met the requirements of this rule.

2) Prior to presiding as a **[master]juvenile court hearing officer**, the attorney shall send the affidavit to the President Judge or his or her designee of each judicial district where the attorney is seeking to preside as a **[master]juvenile court hearing officer**.

3) After submission of the initial affidavit pursuant to paragraph (C)(2), **[masters]juvenile court hearing officers** shall submit a new affidavit every two years attesting that the continuing education requirements of paragraph (B) have been met.

**COMMENT**

Pursuant to paragraphs (A)(1) & (2), **[masters]juvenile court hearing officers** are to be in good standing and have at least five consecutive years of experience as an attorney. It is best practice to have at least two years of experience in juvenile law.

* * *

For continuing education under paragraph (B), **[masters]juvenile court hearing officers** are to attend six hours of instruction from a course or multiple courses designed by the Office of Children and Families in the Courts. This is to ensure uniform training among **[masters]juvenile court hearing officers**.

* * *

Pursuant to paragraph (C), a **[master]juvenile court hearing officer** is to certify to the court that the requirements of this rule have been met prior to presiding as

31

**[master]a juvenile court hearing officer**, and submit new affidavits every two years thereafter.

**Official Note:**
* * *

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*
* * *

**Final Report explaining the amendments to Rule 1182 published with the Court's Order at - Pa.B. - (-).**

**RULE 1185.  APPOINTMENT TO CASES**

A. **Appointment**.  If necessary to assist the juvenile court judge, the president judge or his or her designee may appoint **[masters]juvenile court hearing officers** to hear designated dependency matters.

B. **Prohibited practice.  [Masters]Juvenile court hearing officers** shall not engage in practice before the juvenile court in the same judicial district where they preside over dependency matters.

**COMMENT**

Under paragraph (A), the president judge of each judicial district may restrict the classes of cases to be heard by the **[master]juvenile court hearing officer**, in addition to the restrictions of Rule 1187.  *See* 42 Pa.C.S. § 6305(b) and Rule 1187.

**Official Note:**

**\* \* \***

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

**\* \* \***

**Final Report explaining the amendments to Rule 1185 published with the Court's Order at - Pa.B. - (-).**

**RULE 1187.  AUTHORITY OF [MASTER]JUVENILE COURT HEARING OFFICER**

A. **No authority.**  A **[master]juvenile court hearing officer** shall not have the authority to:

* * *

B. **Right to hearing before judge.**

  1) Prior to the commencement of any proceeding, the **[master]juvenile court hearing officer** shall inform all parties of the right to have the matter heard by a judge.  If a party objects to having the matter heard by the **[master] juvenile court hearing officer**, the case shall proceed before the judge.

  2) If a party objects to having the matter heard by the **[master]juvenile court hearing officer** pursuant to paragraph (B)(1), the **[master]juvenile court hearing officer** or the court's designee for scheduling cases shall immediately schedule a hearing before the judge.  The time requirements of these rules shall apply.

**COMMENT**

A **[master's]juvenile court hearing officer's** authority is limited under this rule. To implement this rule, Rule 1800 suspends 42 Pa.C.S. § 6305(b) only to the extent that **[masters]juvenile court hearing officers** may not hear all classes of cases.

Under paragraph (A)(1)(c), once the permanency goal has been approved for adoption by a judge, all subsequent reviews or hearings may be heard by the **[master]juvenile court hearing officer** unless a party objects pursuant to paragraph (B).

Under paragraph (A)(3), nothing is intended to limit the **[master's]juvenile court hearing officer's** ability, in a proper case before the **[master]juvenile court hearing officer**, to recommend to the court that a warrant be issued.  This includes arrest, bench, and search warrants.

* * *

Under paragraph (B)(2), it should be determined whenever possible before the date of the hearing whether there will be an objection to having the matter heard before a **[master]juvenile court hearing officer**.  If it is anticipated that there will be an objection, the case is to be scheduled in front of the judge, rather than the **[master]juvenile court hearing officer** to prevent continuances and delays in the case.

*See* Rule 1127 for recording of proceedings before a **[master]juvenile court hearing officer**.

**Official Note:**

* * *

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

* * *

**Final Report explaining the amendments to Rule 1187 published with the Court's Order at - Pa.B. - (-).**

**RULE 1190.  STIPULATIONS BEFORE [MASTER]JUVENILE COURT HEARING OFFICER**

A.  **Types of cases**.  [Masters]Juvenile court hearing officers may accept stipulations in any classes of cases that they are permitted to hear pursuant to Rule 1187.

\* \* \*

**COMMENT**

Under paragraph (A), a **[master]juvenile court hearing officer** may accept stipulations in those permissible classes of cases pursuant to Rule 1187.  In addition, the president judge of each judicial district may further restrict the classes of cases. *See* Rule 1185.

\* \* \*

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1190 published with the Court's Order at - Pa.B. - (-).**

**RULE 1191. [MASTER'S]JUVENILE COURT HEARING OFFICER'S FINDINGS AND RECOMMENDATION TO THE JUDGE**

A. **Announcement of Findings and Recommendation.** At the conclusion of the hearing, the **[master]juvenile court hearing officer** shall announce in open court on the record, the **[master's]juvenile court hearing officer's** findings and recommendation to the judge.

B. **Submission of Papers and Contents of Recommendation.** Within two business days of the hearing, the **[master]juvenile court hearing officer** shall submit specific findings and a recommendation to the juvenile court judge. If requested, a copy of the findings and recommendation shall be given to any party.

C. **Challenge to Recommendation.** A party may challenge the **[master's]juvenile court hearing officer's** recommendation by filing a motion with the clerk of courts within three days of receipt of the recommendation. The motion shall request a rehearing by the judge and aver reasons for the challenge.

D. **Judicial Action.** Within seven days of receipt of the **[master's]juvenile court hearing officer's** findings and recommendation, the judge shall review the findings and recommendation of the **[master]juvenile court hearing officer** and:

* * *

3)   send the recommendation back to the **[master]juvenile court hearing officer** for more specific findings; or

* * *

**COMMENT**

The juvenile court may promulgate a form for **[masters]juvenile court hearing officers** to use. The findings and recommendation may take the form of a court order to be adopted by the court.

If a party contests the **[master's]juvenile court hearing officer's** decision, the copy of the findings and recommendation may be used as an attachment in a motion for a rehearing in front of the judge.

The **[master's]juvenile court hearing officer's** decision is subject to approval of the judge. When the judge, in rejecting the **[master's]juvenile court hearing officer's** recommendation, modifies a factual determination, a rehearing is to be conducted. The judge may reject the **[master's]juvenile court hearing officer's** findings and enter a new finding or disposition without a rehearing if there is no modification of factual determinations. *See In re Perry*, **[313 Pa. Super. 162,]**459 A.2d 789 (**Pa. Super.** 1983).

Nothing in this rule prohibits the court from modifying conclusions of law made by the **[master]juvenile court hearing officer**.

**Official Note:**

* * *

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

* * *

**Final Report explaining the amendments to Rule 1191 published with the Court's Order at - Pa.B. - (-).**

**RULE 1243.  SHELTER CARE REHEARINGS**

\* \* \*

C. **Forum.**  The judge, who heard the original shelter care hearing or adopted the findings of the **[master]juvenile court hearing officer**, shall hold the rehearing, unless the judge assigns the case to a **[master]juvenile court hearing officer**.

**COMMENT**

\* \* \*

Under paragraph (C), only a judge may hold a rehearing, unless the judge orders a **[master]juvenile court hearing officer** to hear the case.

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1243 published with the Court's Order at - Pa.B. - (-).**

**RULE 1342.  PRE-ADJUDICATORY CONFERENCE.**

* * *
**COMMENT**
* * *

Under paragraph (A), the court may consider: 1)  the terms and procedures for pre-adjudicatory discovery and inspection; 2) the simplification or stipulation of factual issues, including admissibility of evidence; 3) the qualification of exhibits as evidence to avoid unnecessary delay; 4) the number of witnesses who are to give testimony of a cumulative nature; 5) whether expert witnesses will be called; 6) whether the hearing will be scheduled in front of the **[master]juvenile court hearing officer** or judge; and 7) such other matters as may aid in the disposition of the proceeding.

**Official Note:**

* * *

<u>Amended April 6, 2017, effective September 1, 2017.</u>

*Committee Explanatory Reports:*

* * *

<u>Final Report explaining the amendments to Rule 1342 published with the Court's Order at - Pa.B. - (-).</u>

**RULE 1512.  DISPOSITIONAL HEARING**

\* \* \*

**COMMENT**

To the extent practicable, the judge or **[master]**<u>juvenile court hearing officer</u> that presided over the adjudicatory hearing for a child should preside over the dispositional hearing for the same child.

\* \* \*

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1512 published with the Court's Order at - Pa.B. - (-).**

**RULE 1608.  PERMANENCY HEARING**

\* \* \*

**COMMENT**
\* \* \*

To the extent practicable, the judge or **[master]juvenile court hearing officer** who presided over the adjudicatory and original dispositional hearing for a child should preside over the permanency hearing for the same child.
\* \* \*

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*
\* \* \*

**Final Report explaining the amendments to Rule 1608 published with the Court's Order at - Pa.B. - (-).**

**RULE 1610.  PERMANENCY HEARING FOR CHILDREN OVER EIGHTEEN**

\* \* \*

**COMMENT**

\* \* \*

To the extent practicable, the judge or **[master]juvenile court hearing officer** who presided over the adjudicatory and original dispositional hearing for a child should preside over the permanency hearings for the same child.   In resumption of jurisdiction cases, to the extent practicable, the judge or **[master]juvenile court hearing officer** who presided over the original case should preside over the re-opened case.

\* \* \*

**Official Note:**

\* \* \*

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

\* \* \*

**Final Report explaining the amendments to Rule 1610 published with the Court's Order at - Pa.B. - (-).**

**RULE 1635.  HEARING ON MOTION FOR RESUMPTION OF JURISDICTION**

* * *

**COMMENT**

* * *

A **[master]juvenile court hearing officer** may conduct these hearings.  *See* Rule 1187.

* * *

**Official Note:**

* * *

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

* * *

**Final Report explaining the amendments to Rule 1635 published with the Court's Order at - Pa.B. - (-).**

## 1800.  SUSPENSIONS OF ACTS OF ASSEMBLY

* * *

5)  The Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 6305(b), which provides that the court may direct hearings in any case or classes of cases be conducted by the **[master]juvenile court hearing officer**, is suspended only insofar as the Act is inconsistent with Rule 1187, which allows **[masters] juvenile court hearing officers** to hear only specific classes of cases.

* * *

**Official Note:**

* * *

**Amended April 6, 2017, effective September 1, 2017.**

*Committee Explanatory Reports:*

* * *

**Final Report explaining the amendments to Rule 1800 published with the Court's Order at - Pa.B. - (-).**