# RULE 127. RECORDING AND TRANSCRIBING JUVENILE COURT PROCEEDINGS

A. **Recording.** There shall be a recording of all juvenile delinquency proceedings, including proceedings conducted by juvenile court hearing officers, except as provided in Rule 242(B)(2).

B. **Transcribing. [Upon the motion of any party, upon its own motion, or as required by law, the court shall order the record to be transcribed.]** The transcript shall be requested in accordance with Pa.R.J.A. No. 4007.

C. **Correcting or Modifying.** At any time before an appeal is taken, the **[court may correct or modify the record]** transcript may be corrected, and the record may be corrected or modified, in the same manner as is provided by **[Rule 1926 of the Pennsylvania Rules of Appellate Procedure]** Pa.R.A.P. 1922(c) and Pa.R.A.P. 1926, respectively.

## Comment

Some form of record or transcript is necessary to permit meaningful consideration of claims of error and effective appellate review. *See, e.g.*, Pa.R.A.P. 1922, 1923, 1924; *Commonwealth v. Fields*, 387 A.2d 83 (Pa. 1978); *Commonwealth v. Shields*, 383 A.2d 844 (Pa. 1978). No substantive change in law is intended by this rule; rather it is intended to provide a mechanism to ensure appropriate recording and transcribing of court proceedings. Under Rule 800, 42 Pa.C.S. § 6336(c) was suspended only to the extent that proceedings are to be recorded, except as provided in Rule 242(B)(2). Full minutes are not recordings. This change was to effectuate effective appellate review.

The rule is intended to apply to all juvenile delinquency proceedings and to ensure all proceedings are recorded, including proceedings before juvenile court hearing officers, with the exception of detention hearings.

**[Paragraph (B) of the rule is intended to authorize courts to require transcription of only such portions of the record, if any, as are needed to review claims of error.]** Paragraph (B) is not intended to preclude the court from ordering a transcript in the absence of a request.

Paragraph (C) provides a method for correcting **[and modifying]** transcripts and correcting or modifying the record before an appeal is taken by incorporating Pa.R.A.P. **1922(c) and Pa.R.A.P.** 1926, which otherwise appl**[ies]y** only after an appeal has been taken. **[It is intended that the same standards and procedures apply both before and after appeal.]**

**Official Note:** Rule 127 adopted April 1, 2005, effective October 1, 2005. Amended April 6, 2017, effective September 1, 2017. **Amended August 3, 2020; effective October 1, 2020.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 127 published with the Court's Order at 35 Pa.B. 2214 (April 16, 2005). **Final Report explaining the amendments to Rule 127 published with the Court's Order at 50 Pa.B. ___ (_____, 2020).**

**RULE 1127. RECORDING AND TRANSCRIBING JUVENILE COURT PROCEEDINGS**

A. **Recording.** There shall be a recording of all dependency proceedings, including proceedings conducted by juvenile court hearing officers, except as provided in Rule 1242(B)(2).

B. **Transcribing.** **[Upon the motion of any party, upon its own motion, or as required by law, the court shall order the record to be transcribed.]** <u>The transcript shall be requested in accordance with Pa.R.J.A. No. 4007.</u>

C. <u>**Correcting or**</u> **Modifying.** At any time before an appeal is taken, the **[court may correct or modify the record]** <u>**transcript may be corrected, and the record may be corrected or modified,**</u> in the same manner as is provided by **[Rule 1926 of the Pennsylvania Rules of Appellate Procedure]** <u>**Pa.R.A.P. 1922(c) and Pa.R.A.P. 1926, respectively**</u>.

**Comment**

Some form of record or transcript is necessary to permit meaningful consideration of claims of error and effective appellate review. *In re J.H.*, 788 A.2d 1006 (Pa. Super. 2001). *See, e.g.*, Pa.R.A.P. 1922, 1923, 1924; *Commonwealth v. Fields*, 387 A.2d 83 (Pa. 1978); *Commonwealth v. Shields*, 383 A.2d 844 (Pa. 1978). This rule is intended to provide a mechanism to ensure appropriate recording and transcribing of court proceedings. Pursuant to Rule 1800, 42 Pa.C.S. § 6336(c) was suspended only to the extent that all proceedings are to be recorded, except as provided in Rule 1242(B)(2). Full minutes are not recordings. This change was to effectuate effective appellate review.

The rule is intended to apply to all dependency proceedings and to ensure all proceedings are recorded, including proceedings before juvenile court hearing officers, except for shelter care hearings.

**[Paragraph (B) of the rule is intended to authorize courts to require transcription of only such portions of the record, if any, as are needed to review claims of error.]** <u>**Paragraph (B) is not intended to preclude the court from ordering a transcript in the absence of a request.**</u>

Paragraph (C) provides a method for correcting **[and modifying]** transcripts <u>**and correcting or modifying the record**</u> before an appeal is taken by incorporating Pa.R.A.P. <u>**1922(c) and Pa.R.A.P.**</u> 1926, which otherwise appl**[ies]y** only after an appeal has been taken. **[It is intended that the same standards and procedures apply both before and after appeal.]**

3

**Official Note:** Rule 1127 adopted August 21, 2006, effective February 1, 2007. Amended April 6, 2017, effective September 1, 2017. **Amended August 3, 2020; effective October 1, 2020.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 1127 published with the Court's Order at 36 Pa.B. 5599 (September 2, 2006). Final Report explaining the amendments to Rule 1127 published with the Court's Order at 47 Pa.B. 2313 (April 22, 2017). **Final Report explaining the amendments to Rule 1127 published with the Court's Order at 50 Pa.B. ___ (_____, 2020).**