RULE 115.  RECORDING AND TRANSCRIBING COURT PROCEEDINGS.

(A)  In court cases, after a defendant has been held for court, proceedings in open court shall be recorded.

(B) **[Upon the motion of any party, upon its own motion, or as required by law, the court shall determine and designate those portions of the record, if any, that are to be transcribed.]** __The transcript shall be requested in accordance with Pa.R.J.A. No. 4007.__

(C)  At any time before an appeal is taken the **[court may correct or modify the record]** __transcript may be corrected, and the record may be corrected or modified,__ in the same manner as is provided by Rule__s 1922(c) and__ 1926 of the Pennsylvania Rules of Appellate Procedure.

> COMMENT:  Some form of record or transcript is necessary to permit meaningful consideration of claims of error and an adequate effective appellate review.  *See, e.g.*, Pa.Rs.A.P. 1922, 1923, 1924; *Commonwealth v. Fields*, 387 A.2d 83 (Pa. 1978); *Commonwealth v. Shields*, 383 A.2d 844 (Pa. 1978).  No substantive change in law is intended by this rule, rather it is intended to provide a mechanism to insure appropriate recording and transcribing of court proceedings.  For repeal of statutory provisions on this subject, see Judiciary Act Repealer Act § 2(a); 42 P.S. §§ 20002(a) (897), (944).
>
> The rule is intended also to apply to proceedings that occur after the action that is the functional equivalent of holding a defendant for court in those cases in which it is permissible to proceed without a preliminary hearing and, therefore, without specifically holding the defendant for court.  *See* Pa.Rs.Crim.P. 541, 550(D), 561, 565, 1010.  In addition, the rule is intended to apply to *de novo* proceedings in the common pleas courts on appeals in summary cases.  For application of the rule to proceedings in the Philadelphia Municipal Court, see Pa.R.Crim.P. 1012(A).
>
> The rule is not intended to preclude adoption of local rules of court providing that arraignment need not be recorded, see Pa.R.Crim.P. 571, nor it is intended to modify any

Rules of Criminal Procedure that specifically prohibit the recording or transcribing of all or part of a proceeding. *See* Pa.R.Crim.P. 313. In addition, the rule is not meant to preclude the use of recording devices for the preservation of testimony under Pa.Rs.Crim.P. 500 and 501.

**[Paragraph (B) of the rule is intended to authorize courts to require transcription of only such portions of the record, if any, as are needed to review claims of error.]** Paragraph (B) is not intended to preclude the court from ordering a transcript in the absence of a request.

Paragraph (C) provides a method for correcting **[and modifying]** transcripts **and correcting or modifying the record** before appeal by incorporating Pa.R.A.P. **1922(c) and Pa.R.A.P.** 1926, which otherwise **[applies]** apply only after an appeal has been taken. **[It is intended that the same standards and procedures apply both before and after appeal.]**

NOTE: Rule 9030 adopted April 24, 1981, effective July 1, 1981; *Comment* revised March 22, 1989, effective July 1, 1989; renumbered Rule 115 and amended March 1, 2000, effective April 1, 2001**[.]** ; amended August 3, 2020, effective October 1, 2020.

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the August 3, 2020 amendment regarding requests for transcripts pursuant to Pa.R.J.A. No. 4007 published with the Court's Order at 50 Pa.B.      (            , 2020).*

RULE 1012.  RECORDING AND TRANSCRIBING MUNICIPAL COURT
              PROCEEDINGS; ADMISSIBILITY OF TESTIMONY AT TRIAL *DE NOVO.*

(A)  Rule 115 **and Pa.R.J.A. No. 4007**, relating to the recording and transcribing of court proceedings, shall apply to Municipal Court case proceedings after the preliminary arraignment or, when a defendant appears pursuant to a summons, after the defendant's first appearance.

(B)  No testimony produced at the Municipal Court trial or at any pretrial hearing in the Municipal Court shall be admissible at the trial *de novo* except in those cases in which the defendant was represented by counsel and had the opportunity to cross examine, and the witness afterwards dies, or is out of the jurisdiction so that the witness cannot be effectively served with a subpoena, or cannot be found, or becomes incompetent to testify for any legally sufficient reason properly proven.

> NOTE:  Rule 6012 adopted December 30, 1968, effective January 1, 1969; amended April 24, 1981, effective July 1, 1981; renumbered Rule 1012 and amended March 1, 2000, effective April 1, 2001**[.]** **; amended August 3, 2020, effective October 1, 2020.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the August 3, 2020 amendment regarding requests for transcripts pursuant to Pa.R.J.A. No. 4007 published with the Court's Order at 50 Pa.B.      (            , 2020).*